No. 47,914

Lowell R. Bradford, *Appellant,* v. M. L. Mahan and The City of Olathe, Kansas, *Appellees.*

(548 P. 2d 1223)

Opinion filed April 10, 1976.

*Edward H. Powers, Jr.,* of Kansas City, argued the cause and was on the brief for the appellant.

*Allen R. Slater,* of Haskin, Hinkle & Slater, of Olathe, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: This action arose from an arrest made at the scene of a one car accident in the city of Olathe, Kansas. The plaintiff was arrested for careless driving and an accident report was prepared and filed by a police officer of the city of Olathe. The plaintiff, Lowell R. Bradford, thereafter filed a petition in two separate counts against the police officer and the city.

In count one of the petition plaintiff seeks damages for alleged libelous statements set forth in the accident report. This claim is filed against M. L. Mahan, the police officer.

In count two of the petition plaintiff seeks to have these alleged libelous statements corrected or expunged from the accident report which is maintained and kept by the police department of the city of Olathe. The claim in count two is filed against the city of Olathe.

The two defendants joined in a motion to dismiss the petition.

Officer Mahan asserted that plaintiff failed to state a claim against him upon which relief could be granted because: (1) plaintiff failed to plead compliance with the statutory notice requirements of K. S. A. 12-105; (2) plaintiff alleged defendant was acting as a police officer in a governmental function and as such he and the city were immune from suit; and (3) the preparation of the accident report was required by K. S. A. 1973 Supp. 8-523 (*d*) and an absolute privilege attached.

The municipality asserted that plaintiff failed to state a claim

against it upon which relief could be granted because: (1) plaintiff failed to comply with the statutory requirement of notice to a municipality set forth in K. S. A. 12-105; and (2) that plaintiff failed to join an indispensable party, the Vehicle Division of the Kansas Department of Revenue.

The trial court sustained the joint motion of the city and of the police officer, and dismissed the plaintiff's petition without stating any specific reason for such action. The plaintiff has appealed.

In an appeal from an order dismissing a petition on the ground it fails to state a claim upon which relief can be granted, the sufficiency of the petition must be determined upon the well pleaded facts considered in a light most favorable to the plaintiff. (*Woolums v. Simonsen*, 214 Kan. 722, 522 P. 2d 1321.)

Because the district court did not state the basis for dismissing the petition we must examine all grounds raised by the defendants in their motion.

We will first consider the petition as it relates to the claim of libel against the police officer.

After identifying the parties, the plaintiff made the following allegations in the petition:

"[4] That on April 21, 1973, the defendant Mahan investigated a one car accident in which plaintiff herein was involved which occurred on Kansas City Road approximately one-tenth of a mile north of the intersection of Kansas City Road and Santa Fe, within the corporate limits of the defendant The City of Olathe, Kansas. That as a part of the said accident investigation, the defendant Mahan filled out a 'Kansas Department of Revenue/Vehicle Accident Report,' a copy of which is attached hereto as Exhibit 'A' and incorporated herein as a part of this petition.

"5. That on page two of the said report, in the section headed 'Alcohol Intake,' the defendant Mahan stated that alcoholic intake was an 'accident factor'. That such statement would naturally and presumably be understood as accusing plaintiff of a crime, to-wit: violation of K. S. A. 8-530.

"6.    .   .   .

"That the making of said statement in writing as a part of the said accident report by the defendant Mahan constitutes imputation of a crime and is libel *per se*.

"7. That the said libelous statement by the defendant Mahan, either by virtue of its inherent nature or by virtue of the wilful, malicious character thereof, as alleged therein, is not privileged.

"8. That the defendant Mahan acted wilfully and maliciously in the making and the publication of the said statement in that although his statement that the consumption of alcoholic beverages by the plaintiff was a 'accident factor' and therefore clearly within the purview of K. S. A. 8-1001 the defendant Mahan intentionally and wilfully refused to administer a chemical test of '.   .   . breath, blood, urine or saliva for the purpose of determining the

alcoholic content. . . .' of plaintiff's blood as the said statute requires. That plaintiff repeatedly and earnestly requested the defendant Mahan to administer such a chemical test, but that the defendant Mahan wilfully and maliciously refused to do so.

"That the said libelous statement made by the defendant Mahan was wholly and completely false and contrary to the facts then existing and which were or should have been apparent to the defendant Mahan.

"9. That prior to the events alleged herein, plaintiff had always enjoyed a good reputation for uprightness of character and sobriety, but that said reputation has been wilfully, maliciously and permanently damaged as a proximate result of the libelous statement by the defendant Mahan.

"10. That as a direct and proximate result of the libelous statement by the defendant Mahan as alleged herein, plaintiff's character and good reputation has been damaged, his sound judgment in the driving of an automobile has been called into question and jeopardized and he has been forced to spend substantial sums of money in obtaining extraordinary rates to obtain insurance coverage for the operation of his automobile. . . ."

The defendant Mahan argues that plaintiff failed to state a cause of action by failing to allege that the statutory notice required by K. S. A. 12-105 was filed with the city. The statutory notice requirement in K. S. A. 12-105 in pertinent part reads as follows:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within six (6) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received, the circumstances relating thereto and a demand for settlement and payment of damages: . . ."

We have held that a plaintiff must not only give such notice to the city but also plead performance of the notice requirement in the petition in order to state a cause of action in tort against the city. (*James v. City of Wichita,* 202 Kan. 222, 447 P. 2d 817.) However, the claim for libel in the present case is not brought against the city. Count one of the petition states a cause of action for libel against M. L. Mahan, the officer.

A municipality is not liable for the negligence or the misconduct of its police officers when the officers are engaged in the performance of governmental functions. (*Gardner v. McDowell,* 202 Kan. 705, 451 P. 2d 501.) The notice requirements of K. S. A. 12-105 apply only to actions for injury to person or property against a municipality and are not a condition precedent to bringing an action against a police officer, even though said officer was engaged in the performance of a governmental function. (*Gardner v. McDowell,* supra.)

Defendants argue that the doctrine of governmental immunity precludes plaintiff's cause of action. They contend that the operation of a police department by a municipality is a governmental function and that cities are immune from suit for negligence and misconduct of their police officers while they are engaged in the performance of their duties. We have no quarrel with that argument as it applies to the city. (See *Allen v. City of Ogden*, 210 Kan. 136, 499 P. 2d 527, and *Parker v. City of Hutchinson*, 196 Kan. 148, 410 P. 2d 347.) However, the same immunity does not apply to the personal liability of police officers.

Personal liability exists against police officers who needlessly, maliciously or wantonly injure a person even when they are engaged in a governmental function. (*Peters v. City of Lindsborg*, 40 Kan. 654, 20 Pac. 490; *Pfannenstiel v. Doerfler*, 152 Kan. 479, 105 P. 2d 886; *Bukaty v. Berglund*, 179 Kan. 259, 294 P. 2d 228; and Anno: Police—Liability for Injury, 60 A. L. R. 2d 873, §§ 3, 4.)

It is next asserted on behalf of Officer Mahan that the preparation of the accident report was required of him by K. S. A. 1973 Supp. 8-523 (*d*) (now K. S. A. 8-1611) and therefore he had an absolute privilege in regard to its publication.

Privileged communications in defamation actions are divided into two classes: absolute privilege and conditional or qualified privilege. It has been said that absolute privilege is recognized in cases where the public service or the administration of justice requires complete immunity, as in legislative, executive, or judicial proceedings, the occasion for the immunity being not so much for those engaged as for the promotion of the public welfare. (See *Schulze v. Coykendall*, 218 Kan. 653, 545 P. 2d 392, and *Munsell v. Ideal Food Stores*, 208 Kan. 909, 494 P. 2d 1063.) The filing of a police report with the city police department cannot be considered a publication in legislative, executive, or judicial proceedings as in *Clear Water Truck Co., Inc. v. M. Bruenger Co., Inc.*, 214 Kan. 139, 519 P. 2d 682.

A qualified privilege furnishes a *prima facie* legal excuse to one making a communication unless additional facts are shown which alter the character of the publication. It comprehends communications made in good faith, without actual malice and with reasonable grounds for believing the statement to be true. (*Stice v. Beacon Newspaper Corporation*, 185 Kan. 61, 340 P. 2d 396, 76 A. L. R. 2d 687.) Where a defamatory statement is made under a qualified privilege the injured party is required to plead and prove actual

malice. (*Kennedy v. Mid-Continent Telecasting, Inc.*, 193 Kan. 544, 394 P. 2d 400.) Proof of actual malice in defamation actions when a qualified privilege is found to exist requires a plaintiff to prove that the publication was made with knowledge that the defamatory statement was false or with reckless disregard of whether it was false or not. (*Schulze v. Coykendall*, supra.)

The question of whether or not a publication is privileged is a question of law to be determined by the court. (*Gobin v. Globe Publishing Co.*, 216 Kan. 223, 531 P. 2d 76, and *Munsell v. Ideal Food Stores*, supra.)

The issue raised in this case concerns the nature of the privilege provided to a police officer who makes statements or publishes communications under color of his office. Kansas has not heretofore considered this question.

We are aware of the position taken by the federal courts as set forth in *Barr v. Matteo*, 360 U. S. 564, 3 L. Ed. 2d 1434, 79 S. Ct. 1335, reh. den. 361 U. S. 855, 4 L. Ed. 2d 93, 80 S. Ct. 41, and in similar cases where an absolute privilege is enjoyed by police officers with regard to all communications made by them while engaged in investigatory matters. However, this court does not feel such an absolute shield would serve the best interests of the people of this state. Backlash from some of our nation's current social developments seem to be pushing the state and nation toward a disregard for individual privacy which may in turn lead to the acceptance of the all-powerful police state. We cannot be part of that backlash. The police should never act with malice or ill will against the citizens of this state without being called to account for their actions. The interests of the defamed citizen must be balanced against the public policy considerations. A grant of absolute privilege to public officers denies redress to the citizen who is defamed maliciously out of ill will or spite. Under the allegations in the present petition the societal interests require that no absolute privilege be granted to statements and public reports of police officers in the exercise of their duties. A qualified privilege will sufficiently insulate police officers and insure the vigorous enforcement of the law. When a qualified privilege is found to exist a plaintiff has the burden of proving that the publication was made by the police officer with knowledge that the defamatory statement was false or in reckless disregard of whether it was false or not. (*Coleman v. MacLennan*, 78 Kan. 711, 98 Pac. 281; *Schulze v. Coykendall*, supra.)

In Syl. ¶ 3 of *Senogles v. Security Benefit Life Ins. Co.*, 217 Kan. 438, 536 P. 2d 1358, it is held:

"A communication is qualifiedly privileged if it is made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, if it is made to a person having a corresponding interest or duty. The essential elements of a qualifiedly privileged communication are good faith, an interest to be upheld, a statement limited in its scope to the upholding of such interest and publication in a proper manner only to proper parties."

In our present case the police report filed by Officer Mahan with the police department of the city of Olathe meets the test for a qualified privilege.

We join those states that have held, unless absolute privilege can be claimed on the basis of publication during a judicial or legislative function, the statements and reports made by police officers in the exercise of their official duties are subject to a qualified privilege only. (See *Patterson v. City of Phoenix*, 103 Ariz. 64, 436 P. 2d 613; *White v. State of California*, 17 Cal. App. 3d 621, 95 Cal. Rptr. 175; *Carr v. Watkins*, 227 Md. 578, 177 A. 2d 841; *Elder v. Holland*, 208 Va. 15, 155 S. E. 2d 369; *City of Mullens v. Davidson*, 133 W. Va. 557, 57 S. E. 2d 1, 13 A. L. R. 2d 887; Prosser, Torts [4th ed., 1971], § 114, p. 783; 1 Harper and James, The Law of Torts, § 5.23, p. 429; and Anno.—Peace Officer—Defamation—Liability, 13 A. L. R. 2d 897.)

However, in the present case the petition alleges that Officer Mahan filled out the accident report in a false manner contrary to the facts which were or should have been apparent to him, that he willfully and maliciously inserted false statements in the report to the effect that plaintiff had drunk alcoholic beverages prior to the accident and such alcohol was an accident factor which contributed to the cause of the accident. It was further alleged plaintiff requested the officer permit him to take a chemical test to disprove such statements and the officer maliciously refused to permit such tests. Plaintiff alleged his character and good reputation were damaged and he was required thereafter to spend substantial sums of money to obtain insurance coverage for operation of his car at extraordinary rates.

We are well aware that facts are sometimes easy to allege and hard to prove. The plaintiff alleged the statements were false, that they were made in utter disregard to whether they were true or false, that the statements imputed to plaintiff the crime of driving a

motor vehicle while under the influence of alcohol and that plaintiff was injured in his reputation and business. The allegations in the petition were sufficient under the law of qualified privilege to entitle plaintiff to proceed with his action. His petition was not subject to the order of dismissal at this particular stage of the proceedings.

We turn next to the claim against the city to require correction or expungement of the false and incorrect statements in the accident report filed by the officer. As to the city, the petition alleged:

"6. That pursuant to K. S. A. 8-523 the said police report has become an official public record and is thereby being regularly and constantly 'published' and will forever be 'published' unless the same is expunged from the records of the defendant The City of. Olathe, Kansas.

. . . . . . . . . . . . . .

"2. That the defendant The City of Olathe, Kansas, by maintaining the said accident report as a public record, has been, is now and will continue in the future to 'publish' the said libelous statement made by the defendant Mahan unless it is restrained and enjoined from doing so."

The plaintiff incorporated the allegations of his claim against Officer Mahan in his claim against the city and prayed:

"1. For an order ordering and directing the proper official of the defendant The City of Olathe, Kansas to expunge from the said police report the libelous portion thereof as alleged in this petition;

"2. For an order permanently enjoining the defendant The City of Olathe, Kansas from re-inserting the said libelous statement at any time in the future."

The defendant city contends that the plaintiff's failure to file and plead the statutory notice of claim requirement in K. S. A. 12-105 precludes the action against it for expungement.

As previously pointed out in this opinion K. S. A. 12-105 applies to actions against the city "on account of injury to person or property" in the nature of tort actions. The cases interpreting the statute are collected in *Workman v. City of Emporia,* 200 Kan. 112, 434 P. 2d 846. This court has specifically held that the requirements of the statute have no application to an action against a city for breach of a written contract, and will not be extended beyond actions for injury to persons and property, tort actions. (*Stauffer v. City of Topeka,* 200 Kan. 287, 436 P. 2d 980.)

The purpose of the statute requiring notice of claim within a reasonable period after the injury to person or property has occurred is to sufficiently advise the municipality of the time and place of the accident or injury and inform it of the circumstances and extent of possible damages incurred. In our present case damages are not sought from the municipality. The claim seeks expungement of

allegedly false and incorrect records, nothing more. We hold the provisions of K. S. A. 12-105 requiring the filing of a written statement of injury to person or property as a prerequisite to bringing an action against a city have no application to a claim against a city for expungement or correction of allegedly false and incorrect records.

The city next argues that the petition was properly dismissed for failure to join an indispensable party to the action. The city points out that a copy of the accident report was forwarded to the Kansas Revenue Department's Division of Vehicles pursuant to K. S. A. 1973 Supp. 8-523 (*d*) (now K. S. A. 8-1611), that the report remains of record there and will continue as public record unless the state is joined as a party defendant.

In *Cities Service Oil Co. v. Kronewitter*, 199 Kan. 228, 428 P. 2d 804, this court discussed the distinction between parties who may properly be joined in a lawsuit, those who are necessary and those who are indispensable:

"By way of preliminary, it may be noted our present code of civil procedure continues to recognize, either expressly or impliedly, the descriptive labels of parties, with which we were familiar under our former practice, as proper, necessary or indispensable.

"Generally speaking, proper parties are those without whom the cause might proceed but whose presence will allow a judgment more clearly to settle the controversy among the parties. (*Pfannenstiel v. Central Kansas Power Co.*, 186 Kan. 628, 352 P. 2d 51.) Necessary parties are those who must be included in an action either as plaintiffs or defendants unless there is a valid excuse for their nonjoinder. Indispensable parties are those who must be included in an action before it may properly go forward. The latter two concepts are alike in the respect that both terms denote parties who *should* be joined in the action although the degree of obligation represented by the word 'should' varies. [Citation omitted.]" (pp. 230, 231.)

In the present case the state of Kansas is a proper party, but is not indispensable to plaintiff's requested relief for expungement of portions of the accident report which is held by the city of Olathe. The present reporting statute relating to reports by the driver of a vehicle who has been involved in an accident (K. S. A. 8-1607) makes provision for filing supplemental reports to the Division of Vehicles. There appears no reason why a supplemental report filed by the city would not receive proper attention by the state agency.

We hold that the Division of Vehicles of the Department of Revenue of the State of Kansas is not an indispensable party to an action brought against a city for correction or expungement of police accident reports.

One final point remains to be considered. Plaintiff in this case seeks expungement of that portion of the accident report which he alleges is defamatory. In Kansas specific authority for expungement of police records is found in only two statutory provisions. K. S. A. 21-4616 provides for the annulment of criminal convictions of minors and K. S. A. 21-4617 allows expungement of criminal records of adult offenders upon fulfillment of enumerated conditions. No statute grants the courts authority to expunge arrest records or other police reports.

Some courts have stated that in the absence of statutory authority it is beyond the power of a court to order the expungement or restriction of a public record which reflects police action, even though the individual named in the report has been exonerated of all charges and the charges are determined to have been false and groundless in their inception. (See *Sterling v. City of Oakland,* 208 Cal. App. 2d 1, 24 Cal. Rptr. 696; *People v. Municipal Court* [*Blumenshine*], 51 Cal. App. 3d 796, 124 Cal. Rptr. 484; *Kolb v. O'Connor,* 14 Ill. App. 2d 81, 142 N. E. 2d 818; and *Weisberg v. Police Dept. of Village of Lynbrook,* 46 Misc. 2d 846, 260 N. Y. S. 2d 554.)

Most jurisdictions, however, recognize that a court through its equitable powers may order inaccurate police records corrected or expunged when unwarranted adverse consequences to a citizen are shown to outweigh the public interest in the right of law enforcement agencies to maintain and disseminate reports useful for the purpose of identification, apprehension, and arrest of individuals for criminal activity. (See *Sullivan v. Murphy,* 478 F. 2d 938 [D. C. Cir. 1973]; *United States v. McLeod,* 385 F. 2d 734 [5th Cir. 1967]; *Hughes v. Rizzo,* 282 F. Supp. 881 [E. D. Pa. 1968]; *Mulkey v. Purdy,* 234 So. 2d 108 [Fla. 1970]; *Doe v. Comdr., Wheaton Police Dep't,* 273 Md. 262, 329 A. 2d 35; *State v. Bellar,* 16 N. C. App. 339, 192 S. E. 2d 86; *State v. Pinkney,* 33 Ohio Misc. 2d 183, 62 Ohio Ops. 2d 330, 290 N. E. 2d 923; and *Eddy v. Moore,* 5 Wash. App. 334, 487 P. 2d 211.) We join these jurisdictions in recognizing such equitable powers to correct or expunge.

Expungement or correction of police reports should be limited to cases involving extreme circumstances where such relief is necessary and appropriate to preserve basic legal rights, where for example arrests or false reports are made without probable cause for purposes of harassment and under circumstances which constitute police misconduct. (*Sullivan v. Murphy,* supra; *United States*

*v. McLeod,* supra; *Kowall v. United States,* 53 F. R. D. 211, [W. D. Mich. 1971]; and *United States v. Kalish,* 271 F. Supp. 968 [D. P. R. 1967].)

In view of our conclusion that the lower court prematurely dismissed this action we vacate the order sustaining defendant's motion to dismiss and remand the case for further proceedings in light of the principles enunciated herein. The propriety of granting the relief sought necessarily depends upon the facts and circumstances developed in the case. It is so ordered.