No. 57,394

STATE OF KANSAS, *Appellant* v. LEROY C. HAUG, *Appellee.*

(699 P.2d 535)

Opinion filed May 10, 1985.

*Gene M. Olander*, district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *C. William Ossmann*, assistant district attorney, were with him on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal from an order of expungement issued by the district court in connection with criminal charges dismissed following defendant's successful completion of a diversion agreement. The State brings this appeal as a question reserved by the prosecution under K.S.A. 22-3602(b)(3). The defendant has made no appearance and no brief was filed on his behalf.

On May 28, 1980, defendant Leroy C. Haug was charged with selling liquor without a license in violation of K.S.A. 41-901. Haug entered into a one-year diversion agreement (K.S.A. 22-2907) with the district attorney which he successfully completed and the complaint was dismissed July 9, 1981. On June 22, 1983, Haug filed with the district court a motion requesting an order sealing and expunging all proceedings and records in the matter

including, but not limited to, the arrest record, complaint, and the diversion agreement. At a hearing on the motion the sole issue was whether the court was empowered to "expunge a diversion." Defense counsel contended such an order was permissible under K.S.A. 21-4619 (which allows persons convicted of a crime to have their convictions expunged after meeting certain criteria) because otherwise, an accused person who successfully completed a diversion agreement would be in a worse position than convicted misdemeanants and felons. The State responded the language of 21-4619 was clear and that, absent a conviction, the court was without jurisdiction to entertain Haug's motion. The district court judge expressed his opinion that under principles of equity and logic, the authority to expunge the records of a convicted person included the ability to expunge the records of an accused who successfully completed a diversion agreement. The court granted the motion to expunge the records, stating that it was acting both under the provisions of K.S.A. 21-4619 and the court's inherent powers. In its order of expungement the court stated:

"12. That the Court finds that it is within the Court's power to enter an expungement based upon the expungement statute, K.S.A. 21-4619, wherein the Court finds that the legislature intended to grant the Court the power to expunge the lesser, as well as the greater, and that if the Court has the power to grant expungement of a misdemeanor or felony conviction, the Court has the power to expunge a diversion since said diversion involves a charge against the defendant, the defendant's agreement to comply with the restrictions and requirements of the District Attorney's Office and the payment of court costs.

"13. That further, the Court finds that it has an inherent power to expunge arrest records and that the Court chooses to exercise its equitable and inherent powers to expunge the records of the defendant in this matter to the extent allowed by K.S.A. 21-4619 so as to avoid an additional deprivation to the defendant which is not imposed upon persons who are convicted of misdemeanors and felonies."

Nowhere in K.S.A. 21-4619 is there any reference to the expungement of anything other than records of *convictions*. The statute is clear and unambiguous in this regard and is not open to construction or speculation as to the legislative intent behind it. It has long been the rule in Kansas that in determining whether a statute is open to construction, or in construing a statute, ordinary words are to be given their ordinary meaning and courts are not justified in disregarding the unambiguous language. *State v. Gibson,* 8 Kan. App. 2d 135, 137, 651 P.2d 949 (1982); *State v.*

*Howard,* 221 Kan. 51, 54, 557 P.2d 1280 (1976). Even a penal statute subject to strict construction should not be read so as to add that which is not readily found therein, or to read out what, as a matter of ordinary language, is in it. *State v. Logan,* 198 Kan. 211, 213, 424 P.2d 565 (1967). In 73 Am. Jur. 2d, Statutes § 194, it is stated:

"A statute is open to construction only where the language used therein requires interpretation or may be reasonably considered ambiguous. Thus, where no ambiguity appears, it has been presumed conclusively that the clear and explicit terms of a statute express the legislative intention. A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity."

We conclude that in view of the clear wording of the statute, records of diversion pursuant to K.S.A. 22-2907 are not within the purview of K.S.A. 21-4619, which applies only to convictions.

The trial court also ruled that it had the equitable and inherent power to expunge the records of the defendant. We do not agree. In *Bradford v. Mahan,* 219 Kan. 450, 548 P.2d 1223 (1976), the plaintiff, in an action against the City of Olathe, Kansas, and one of its police officers, sought damages for alleged libelous statements in a police arrest report and correction or expungement of the statements. In *Bradford* we stated:

"Some courts have stated that in the absence of statutory authority it is beyond the power of a court to order the expungement or restriction of a public record which reflects police action, even though the individual named in the report has been exonerated of all charges and the charges are determined to have been false and groundless in their inception. [Citations omitted.]

"Most jurisdictions, however, recognize that a court through its equitable powers may order inaccurate police records corrected or expunged when unwarranted adverse consequences to a citizen are shown to outweigh the public interest in the right of law enforcement agencies to maintain and disseminate reports useful for the purpose of identification, apprehension, and arrest of individuals for criminal activity. [Citations omitted.] We join these jurisdictions in recognizing such equitable powers to correct or expunge.

"Expungement or correction of police reports should be limited to cases involving extreme circumstances where such relief is necessary and appropriate to preserve basic legal rights, where for example arrests or false reports are made without probable cause for purposes of harassment and· under circumstances which constitute police misconduct. [Citations omitted.]" 219 Kan. at 459.

In the instant case we are not faced with such extreme circumstances that the intervention of the courts is necessary or justified to protect basic legal rights. The trial court exceeded its authority in ordering the records expunged.

We recognize there are substantial philosophical arguments supporting the position of the defendant and that perhaps expungement of diversion records would serve a valid public purpose. However, that decision must be left to the legislature which has not, as yet, authorized such action.

.The judgment is reversed and the case is remanded with directions to set aside the order of expungement.