(175 P.3d 276)
No. 97,899
No. 97,900

STATE OF KANSAS, *Appellee*, v. DANIEL YRIGOLLA, *Appellant*. STATE OF KANSAS, *Appellee*, v. LAWRENCE E. ORTIZ, JR., *Appellant*.

Opinion filed January 25, 2008.

*William K. Rork, Kenneth B. Miller*, and *Wendie C. Bryan*, of Topeka, for appellants.

*Norbert C. Marek, Jr.*, county attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before CAPLINGER, P.J., ELLIOTT and LEBEN, JJ.

ELLIOTT, J.: Daniel Yrigolla and Lawrence E. Ortiz, Jr., appeal the trial court's order denying their motions to expunge their arrest records. Both defendants claim the trial court erred in ruling K.S.A. 2006 Supp. 21-4619(b), containing a 5-year waiting period for filing a petition for expungement, applied to their cases instead of K.S.A. 2006 Supp. 22-2410, which has no waiting period. We affirm.

The trial court ruled K.S.A. 2006 Supp. 21-4619(b) applied because both defendants were arrested and charged with a severity level 3 drug crime and subsequently placed on diversion. The trial court also ruled K.S.A. 2006 Supp. 22-2410(c)(4) applies only to expungement of arrest records where (1) a person was arrested due to mistaken identity, (2) the statute of limitations had run and the person could not be prosecuted for the crime for which he or she was arrested, or (3) the State simply declined to prosecute the person for the crime for which arrest was made.

Interpretation of a statute is a question of law over which we enjoy unlimited review. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003). And when a statute is plain and unambiguous, we must respect the intent of the legislature as expressed. 275 Kan. at 330.

K.S.A. 2006 Supp. 21-4619(a)(2) provides:

"Except as provided in subsection (b) and (c), any person who has fulfilled the terms of a diversion agreement may petition the district court for the expungement of such diversion agreement and *related arrest records* if three or more years have elapsed since the terms of the diversion agreement were fulfilled." (Emphasis added.)

Subsection (b) of the statute states:

"Except as provided in subsection (c), no person may petition for expungement until *five or more years* have elapsed since the person satisfied . . . the terms of a diversion agreement . . . if such person was convicted of . . . any felony ranked in severity levels 1 through 3 of the drug grid." (Emphasis added.)

Subsection (c) of the statute lists crimes that if convicted of, a person can never have expunged from his or her record.

On the other hand, K.S.A. 2006 Supp. 22-2410(a) states any "person who has been arrested in this state may petition the district court for the expungement of such arrest record."

Subsection (c) of the statute lists the bases on which a district court can grant a petition for expungement pursuant to K.S.A. 2006 Supp. 22-2410 as follows:

"At the hearing on a petition for expungement, the court shall order the arrest record and subsequent court proceedings, if any, expunged upon finding: (1) The arrest occurred because of mistaken identity;

"(2) a court has found that there was no probable cause for the arrest;

"(3) the petitioner was found not guilty in court proceedings; or

"(4) the expungement would be in the best interests of justice and (A) charges have been dismissed; or (B) no charges have been or are likely to be filed."

The historical background of both of the above quoted statutes shows the legislature intended for K.S.A. 2006 Supp. 21-4619(b) to apply to petitioners for expungement resembling the situation of the defendants here.

K.S.A. 21-4619 was enacted in 1978 and in its original form did not allow for the expungement of arrest records. L. 1978, ch. 120, sec. 28; see Minutes, Senate Judiciary Committee, January 28, 1998 (S.B. 482); *State v. Haug*, 237 Kan. 390, 699 P.2d 535 (1985).

In *Haug*, the trial court, interpreting K.S.A. 21-4619, granted Haug's request to expunge his diversion agreement along with his related arrest record and complaint. In granting the petition, the trial court reasoned that since the legislature gave courts the power to expunge convictions under the statute, the legislature must have intended for the courts to have power to expunge diversion agreements and arrest records.

The Supreme Court reversed *Haug* holding the trial court exceeded the scope of K.S.A. 21-4619 when it expunged Haug's di-

version agreement and arrest records; the statute clearly granted the power only to expunge convictions. 237 Kan. at 392.

The *Haug* court concluded its opinion by stating: "We recognize there are substantial philosophical arguments supporting the position of the defendant and that perhaps expungement of diversion records would serve a valid public purpose. However, that decision must be left to the legislature which has not, as yet, authorized such action." 237 Kan. at 393.

In 1998, the legislature passed Senate Bill 482 amending K.S.A. 21-4619. L. 1998, ch. 131, sec. 5. Then District Judge Marla Luckert, as chair of the Judicial Council Criminal Law Advisory Committee, testified in support of S.B. 482. Judge Luckert testified that section 5 of the bill "[c]larifies that diversion agreements and proceedings resulting in diversion agreements may be expunged. There is also clarification that the records which became sealed *are to include the records of arrest.*" (Emphasis added.) Minutes, Senate Judiciary Committee, January 28, 1998 (S.B. 482), attachment 1 at 2-3.

Section 5 of the bill amended subsection (a)(2) in K.S.A. 2006 Supp. 21-4619. The language of section 5 carries out the legislature's intent as indicated by Judge Luckert's testimony of allowing people who have successfully completed diversion a way to expunge their diversion agreement and any related arrest records.

The passage of S.B. 482 also brought forth the enactment of K.S.A. 2006 Supp. 22-2410. See L. 1998, ch. 131, sec. 3. Judge Luckert's testimony concerning the purpose of section 3 of the bill shows the legislature, by passing the statute, did not intend for it to be applied to individuals who were rightly arrested and not convicted of a crime solely because they entered into a diversion agreement with the State.

Judge Luckert testified as follows:

"Ironically, a procedure has been in place to expunge records of a conviction. Yet, the individual who was found not guilty, who was arrested but never charged or who was wrongfully arrested did not have the ability to remove the records of the proceedings from public view. The committee heard several stories of individuals who had been arrested because of misidentification and who had lingering concerns that some public records remained which could cloud the person's otherwise

good name." Minutes, Senate Judiciary Committee, January 28, 1998 (S.B. 482), attachment 1.

The first three bases for granting expungement under K.S.A. 2006 Supp. 22-2410(c) clearly contemplate situations where an individual was either wrongly arrested or, subsequent to the arrest, found not guilty and, thus, justified in seeking the immediate expungement of that arrest.

Admittedly, the fourth basis is rather vague and gives a greater amount of discretion to a court in determining whether to expunge an arrest record. But there is ample reason to conclude that K.S.A. 2006 Supp. 22-2410(c)(4)(A) does not apply to individuals who were charged with a crime but because of their successful completion of a diversion agreement the charges against them were later dismissed.

Judge Luckert's testimony about the statute's purpose clearly shows the legislature, by passing section 3 of S.B. 482, intended for K.S.A. 2006 Supp. 22-2410 to provide relief to relatively innocent arrestees—people who were arrested but, due to a variety of reasons (diversion not being one of them), were not convicted of a crime. Because subsections (c)(1), (2), and (3) of K.S.A. 2006 Supp. 22-2410 apply to such arrestees, we hold that the applicability of subsection (c)(4)(A) is likewise limited to arrestees whose situation resembles those described in the three preceding situations.

Further, when the legislature enacted S.B. 482, amending K.S.A. 2006 Supp. 21-4619 and creating K.S.A. 2006 Supp. 22-2410, it provided two different procedures for expunging arrests.

When a conflict exists between a statute dealing generally with a subject and another statute dealing specifically with a phase of it, the specific statute controls unless legislative intent clearly indicates otherwise. *State v. McAdam*, 277 Kan. 136, 146, 83 P.3d 161 (2004).

As explained previously, K.S.A. 2006 Supp. 22-2410 applies to the expungement of arrests which did not result in a conviction, and K.S.A. 2006 Supp. 21-4619(a)(2) or (b) (depending on the crime charged) applies to the expungement of arrests which did

not result in a conviction due to the arrestees' entering into a diversion agreement with the State.

Because K.S.A. 2006 Supp. 21-4619 specifically references defendants' situation, it must be applied to their petitions for expungement.

Generally, there is a 3-year waiting period after completing diversion before a person can petition for expungement. K.S.A. 2006 Supp. 21-4619(a)(2). But K.S.A. 2006 Supp. 21-4916(b) states that if someone is *convicted* of, *inter alia*, a severity level 3 drug felony, that person must wait 5 years before petitioning for expungement.

A person cannot be convicted of the same crime that was the subject of a successful diversion agreement entered into with the State. When a person is charged with a crime and subsequently enters into a diversion agreement and successfully completes the diversion, the criminal charge is dismissed with prejudice; the charge does not become a conviction on that person's record. See K.S.A. 22-2909.

It appears to us the drafters of S.B. 482 simply overlooked this fact because the bill's only change to K.S.A. 2006 Supp. 21-4619(b) was the addition of the phrase "the terms of a diversion agreement." See L. 1998, ch. 131, sec. 5. The addition of this phrase shows the drafters' intent to make the subsection applicable to the expungement of diversion agreements concerning crimes listed within K.S.A. 2006 Supp. 21-4619(b).

The drafters should have added to K.S.A. 2006 Supp. 21-4619(b) the phrase "or charged with" after the phrase "convicted of" and before the list of applicable crimes. Nonetheless, we shall read subsection (b) as if the phrase was included within it, in accordance with *State ex rel. Morrison v. Oshman Sporting Goods Co., Kansas*, 275 Kan. 763, 69 P.3d 1087 (2003).

In *Morrison*, the Supreme Court held that where practicable, it is the duty of the court to reconcile different statutory provisions in order to make them consistent, harmonious, and sensible. "The court must give effect to the legislature's intent *even though words, phrases, or clauses* at some place in the statute *must be omitted or inserted.*" (Emphasis added.) 275 Kan. at 768.

Given our view of the legislature's intent, it would make little or no sense to hold that K.S.A. 2006 Supp. 21-4619(b) only applies to people *convicted* of crimes enumerated within the subsection. When read together, subsections (a)(2) and (b) of K.S.A. 2006 Supp. 21-4619 clearly contemplate the expungement of diversion agreements and related arrest records in situations where no conviction would exist.

In the present case, because the defendants were arrested for, charged with, and entered into diversion agreements in order to avoid conviction of severity level 3 drug felonies, K.S.A. 2006 Supp. 21-4619(b) applies to their petitions for expungement.

Based on that statute, the trial court correctly denied defendants' petitions for expungement because 5 years had not passed since defendants satisfied the terms of their diversion agreements.

Affirmed.