Robert E. Blecha Director, Kansas Bureau of Investigation 1620 SW Tyler Topeka, Kansas 66612
Dear Mr. Blecha:
As Director of the Kansas Bureau of Investigation, you request our opinion whether a person can be relieved of the requirement that he or she register as a sex offender under the Kansas Offender Registration Act, K.S.A. 22-4901 et seq, (Act), following adjudication and a previously imposed requirement that the person register as a sex offender. The answer is "yes."
The Act requires that individuals[1] convicted or adjudicated for certain crimes register with the sheriff within a prescribed period of time.[2]
Under the Act, "sex offender" is defined as "any person who, after the effective date of this act, is convicted of any sexually violent crime[3] or is adjudicated as a juvenile offender for an act which ifcommitted by an adult would constitute the commission of a sexuallyviolent crime."[4]
K.S.A. 22-4906(h) mandates registration for juvenile offenders adjudicated for a sexually violent crime if the crime is an off-grid felony or a severity level 1 felony on the nondrug sentencing grid. In 2006, the legislature amended this statute to allow for discretionary registration if the crime was not an off-grid felony or a severity level 1 felony on the nondrug sentencing grid:
 "(h)(2)(A) A person who is adjudicated as a juvenile offender for an act which if committed by an adult would constitute the commission of a sexually violent crime set forth in subsection (c) of K.S.A. 22-4902, and amendments thereto, and such crime is not an off-grid felony or a felony ranked in severity level 1 of the nondrug grid as provided in K.S.A. 21-4704, and amendments thereto, may, by the court:
 "(i) Be required to register . . .;
 "(ii) not be required to register if the judge, on the record, finds substantial and compelling reasons therefor[5]. . . .
In 2007, the legislature amended K.S.A. 22-4906 to make retroactive the discretionary registration provision:
 "(h)(4) The provisions of paragraph (2)(A)(ii) shall apply to adjudications on and after the effective date of this act[6] and retroactively to adjudications prior to July 1, 2007."
However, this retroactivity provision appears to create a conflict with K.S.A. 22-4908, which states: "[n]o person required to register as an offender pursuant to the Kansas offender registration act shall be granted an order relieving the offender of further registration under this act."
A plain reading of K.S.A. 22-4908 might suggest that a court isabsolutely precluded from relieving certain juvenile offenders of theirduty to register. Thus, the question is: notwithstanding K.S.A. 22-4908,does the retroactive provision allow a court to use the discretion givento it under K.S.A. 22-4906(h)(2)(A)(ii) in cases where the registrationrequirement has already been imposed.
 To answer this question we must look to the rules of statutoryconstruction. Generally, a specific statute that relates to particularpersons or things controls over a general statute, which concernspersons or things as a group or class.[7] Further, a more recentstatute or amendment trumps an earlier statute.[8] This is true unlessit is clear that the legislature intended otherwise.[9]
 K.S.A. 22-4908 was last amended in 2001[10] when the legislatureremoved the authority of a court to relieve an offender from the duty ofcontinued registration. We note that in 2001, the definition of "sexoffender" did not include juvenile offenders.[11] The definitiondefined a sex offender as "any person . . . convicted." The additionreferring to juveniles did not occur until 2002.[12] Juveniles are notconvicted; their case is adjudicated. Thus, the legislature did not havejuvenile offenders in mind when it removed the court's authority torelieve offenders from a previously imposed duty to register in 2001. AsK.S.A. 22-4906 was amended later than K.S.A. 22-4908, the formercontrols.
 The conclusion that K.S.A. 22-4906 controls is further supported bythe general versus specific rule of statutory construction notedabove.[13] K.S.A. 22-4908 makes a general, blanket statementconcerning all offenders, stating that no order relieving an offender ofthe duty to register shall be granted.
 K.S.A. 22-4906 on the other hand, addresses specific offenders andbases registration requirements on the specific crime committed. Forexample, K.S.A. 22-4906 addresses the registration requirement as itrelates to nonresident workers, nonresident students, and persons whohave been declared sexually violent predators.[14] Thus, K.S.A.22-4906 is more specific, and therefore, the controlling statute.
 Finally, the fundamental rule of statutory construction in thissituation dictates that we consider the legislative intent behind anamendment.[15] Our Supreme Court has explained the process fordetermining legislative intent this way.
 "In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof in pari materia. When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law."[16]
 When legislators added the retroactive provision they made it clearthat courts now have the opportunity to reconsider the registrationrequirement that was previously imposed on an individual who wasadjudicated as a juvenile offender prior to July 1, 2007, for a sexuallyviolent crime that was not an off-grid felony or a severity level 1felony on the nondrug grid.[17]
 After reviewing the entire Kansas Offender Registration Act as awhole, it is our opinion that K.S.A. 22-4906 gives a court discretion tolift the requirement that a person adjudicated as a juvenile offenderregister as a sex offender even after the duty to register has beenimposed. Our conclusion is supported by the rules of statutoryconstruction which dictate that K.S.A. 22-4906 controls notwithstandingthe provisions of K.S.A. 22-4908.
 Sincerely,
 Stephen N. Six, Attorney General
 Rebecca E. Rand Assistant Attorney General
 SNS:MF:RER:jm
[1] K.S.A. 22-4902(a).
[2] Sexually violent predators are also required to register. However, this group may include persons who are not convicted but who have been charged with a sexually violent offense and who suffer from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence. K.S.A. 22-4902(f); K.S.A. 2007 Supp. 59-29a02(a).
[3] K.S.A. 22-4902(c).
[4] K.S.A. 22-4902(b). Emphasis added.
[5] Emphasis added.
[6] July 1, 2007.
[7] State v. McAdam, 277 Kan. 136 (2004).
[8] State v. Ricks, 173 Kan. 660 (1952).
[9] State v.Yrigolla, 38 Kan. App.2d 1029 (2008).
[10] L. 2001, ch. 208, § 15.
[11] L. 2001, ch. 208, § 10.
[12] L. 2002, ch. 55, § 1.
[13] State v. McAdam, 277 Kan. 136, 146 (2004).
[14] K.S.A. 22-4906(c)-(h).
[15] Aves v. Shah, 258 Kan. 506, 512-13 (1995).
[16] Id. at 513.
[17] Minutes, House Judiciary Committee, March 20, 2007.