NOT DESIGNATED FOR PUBLICATION

No. 128,758

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MITCHELL EBIHARA JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; REBECCA J. FAUROT, judge. Submitted without oral argument. Opinion filed January 30, 2026. Affirmed.

*Mitchell Ebihara*, appellant pro se.

*Nicholas C. Vrana*, deputy county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., BRUNS and COBLE, JJ.

PER CURIAM: Mitchell Ebihara Jr. appeals the district court's denial of his petition for expungement of a drug conviction and arrests. The district court denied the petition in significant part because Ebihara was still incarcerated on more recent convictions. Ebihara contends the district court abused its discretion, but after thorough review, we find the district court made the necessary findings to support its decision, and we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

After being arrested and charged with three drug-related offenses, Ebihara pleaded no contest to possession of methamphetamine in October 2003 and other pending charges were dismissed. The court suspended Ebihara's prison sentence and granted him 12 months of probation. In August 2004, Ebihara's probation was revoked after he was arrested for attempted second-degree murder and criminal threat. Ebihara completed his sentence in the 2003 case, but was later convicted in 2010 of aggravated battery, criminal discharge of a firearm in an occupied building, aggravated escape from custody, and battery on a city or county employee. He has been serving the sentences for those convictions ever since. See *Ebihara v. State*, No. 125,877, 2025 WL 946033 (Kan. App. 2025) (unpublished opinion).

In December 2022, Ebihara filed a "Motion for Release of Judgment Due to Dormancy" where he asked the district court to release him from all fines and costs arising out of his 2003 drug conviction. In June 2023, the State and the district court agreed with Ebihara that, under K.S.A. 2022 Supp. 60-2403(a) and (b), the 2003 judgment was void as of July 2015 and should be released.

Then, in October 2024, Ebihara filed a petition for expungement of both the conviction and the arrest records related to his 2003 drug conviction. At the hearing held about a month later, Ebihara called a witness and began questioning him about the events leading up to the 2003 conviction. The district court stopped Ebihara's line of questioning and told him to focus only on what was relevant for the expungement. Ebihara wanted to bring evidence to show that he "just took the blame" for the events leading to his earlier conviction. The State and the district court reiterated that Ebihara needed to focus on what had happened in his life since the conviction that warrants expungement.

2

Ebihara dismissed the witness and gave his own testimony instead. Ebihara told the district court that during his incarceration, he had completed programs and participated in groups where he learned about anger management and reintegration. He also told the district court about his progress towards an associate's degree from a community college.

During argument, Ebihara repeated what was said in his testimony, emphasizing that he does not do drugs, and has been learning and rehabilitating in prison. The State maintained that the lack of proof of Ebihara's changed circumstances and potential threat to public safety did not warrant expungement. The State also reasoned that because there was a conviction arising out of the three arrests in 2003, the district court could not expunge the arrest records of the charges that were dismissed.

At the hearings' conclusion, the district judge announced that it denied the petition because Ebihara never paid the "required monies," and "thus the sentence wasn't successfully completed," and because "there [have] been additional felony convictions since the expungement itself and Mr. Ebihara is currently incarcerated." Although the court commended Ebihara for the progress he had made in custody and his respectful demeanor during court proceedings, it reminded Ebihara that he could file another expungement petition in the future "after [he is] released and ha[s] had a chance to show the court that the expungement would serve public interest and that [he has satisfied] the conditions of" his current sentence. In the journal entry of expungement hearing, the district court gave the following reasons for its denial: (1) the "Defendant has been convicted of multiple felonies . . . since his conviction in this case," (2) the "Defendant has been incarcerated since his conviction in [2010]," (3) the "Court finds the Defendant's circumstances and behavior do not warrant expu[ngement]," and (4) the "Court finds expungement of the Defendant's conviction is not consistent with the public welfare."

3

Ebihara now appeals the denial of his petition for expungement.

ANALYSIS

Ebihara argues that the district court abused its discretion in four ways. First, he contends the court erred by pronouncing it denied the petition because Ebihara's sentence was incomplete. Second, the court should not have considered the 2010 felony convictions because the statute only requires courts to consider convictions within the last two years. Third, the court should have allowed testimony about actual innocence of the underlying conviction at the expungement hearing. And finally, the court should have expunged the arrest records for charges that were dismissed even though Ebihara was convicted on one of the charges. For ease of discussion, we consider issues one, two, and four together because they address the district court's reasoning for denying the petition, and issue three—improper exclusion of evidence—is discussed separately.

1. *The district court did not abuse its discretion in denying Ebihara's petition for expungement.*

As recited above, Ebihara argues that the district court abused its discretion when it denied his expungement petition because the 2003 conviction's sentence was complete, the court should not have considered the 2010 convictions, and because arrest records can be expunged if there is no corresponding conviction.

1.1. *Preservation and applicable legal standards*

An appellant's brief must contain a "pinpoint reference to the location in the record on appeal where the issue was raised and ruled on." Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36). Ebihara's brief contains citations to the record where the district court considered his petition and denied it. Thus, this issue is preserved for review on appeal.

4

The expungement statute applicable to a case is the one in effect at the time of the crimes committed that are sought to be expunged, unless there is clear indication otherwise. *State v. Jaben*, 294 Kan. 607, 613, 277 P.3d 417 (2012). So, K.S.A. 2003 Supp. 21-4619 governs Ebihara's expungement proceeding. According to K.S.A. 2003 Supp. 21-4619:

"(e) At the hearing of the petition, the court shall order the petitioner's arrest record, convictions or diversion expunged if the court finds that:

(1) The petitioner has not been convicted of a felony in the past two years and no proceeding involving any such crime is presently pending or being instituted against the petitioner;

(2) the circumstances and behavior of the petitioner warrant the expungement; and

(3) the expungement is consistent with the public welfare."

Under Kansas law, the decision to grant a petition for expungement is solely an exercise of judicial discretion. *State v. Underwood*, 228 Kan. 294, 299, 615 P.2d 153 (1980). Judicial discretion is specifically allowed when considering the defendant's circumstances and behaviors and the public welfare. K.S.A. 2003 Supp. 21-4619(e)(2), (3). Thus, expungement is not an "automatic procedure[]." *Underwood*, 228 Kan. at 299.

Given these parameters, the parties agree that we review the denial of a petition for expungement for an abuse of discretion. *State v. Sandstrom*, 273 Kan. 558, 561, 44 P.3d 434 (2002) (citing *State v. Miller*, 214 Kan. 538, Syl. ¶ 2, 520 P.2d 1248 [1974]). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025).

5

Keeping these standards in mind, we review Ebihara's claims.

1.2. *Ebihara's 2003 judgment was properly released under K.S.A. 2022 Supp. 60-2403.*

Before we address the actual release of his monetary judgment, we note that Ebihara first argues that the district court committed error when it denied the expungement petition in part based on the lack of three years elapsing between the release of judgment and the petition. The State does not address this point, and it might be because the district court did not include this reasoning in its journal entry following the expungement hearing.

It is well-settled in Kansas that a criminal *sentence* is final when the district court pronounces it from the bench, and if there is any discrepancy between that pronouncement and the journal entry, the oral pronouncement controls. *State v. Hill*, 313 Kan. 1010, 1013, 492 P.3d 1190 (2021). Even so, a court may rely on a journal entry that "clarifies an ambiguous or poorly articulated sentence pronounced from the bench." *State v. Jackson*, 291 Kan. 34, 36, 238 P.3d 246 (2010) *abrogated on other grounds by State v. Marinelli*, 307 Kan. 768, 415 P.3d 405 (2018). It is unclear—and the parties do not speculate—whether the journal entry's lack of fidelity to the oral pronouncement is a true discrepancy or just a clarification. Regardless, Ebihara is correct that his judgment was released under K.S.A. 2022 Supp. 60-2403 as we next explain.

Before 2015, K.S.A. 2014 Supp. 60-2403(d) provided that a judgment for *restitution* shall be dormant after 10 years if no motions for renewal are filed or execution is issued. And if the judgment of restitution remained dormant for two more years, it was void and the district court was required to release the judgment if the defendant asked. See *State v. Dwyer*, 56 Kan. App. 2d 848, 854, 439 P.3d 338 (2019). An amendment in 2015 deleted subsection (d) and updated subsection (b) to state that "no judgment for

6

court costs, fees, fines or restitution shall be or become dormant for any purpose," unless the judgment was void on July 1, 2015, or if it is dormant under subsection (a). K.S.A. 2015 Supp. 60-2403(b). Under current Kansas law, if a judgment is not renewed within five years of the date of execution, it becomes dormant, and if it is dormant for another two years, the judgment is void. K.S.A. 60-2403(a)(1). A dormant judgment may be revived by a motion within two years of dormancy unless good cause to the contrary can be shown. K.S.A. 60-2404.

Ebihara was convicted on October 1, 2003. The court's judgment included court costs, but crucially no restitution. In 2022, Ebihara filed a "Motion for Release of Judgment Due to Dormancy," asking that the court release his judgment because, "more than 10 years elapsed," and there had been no motion to revive the judgment under K.S.A. 60-2404. The district court and the State agreed that the judgment was void and should be released and Ebihara's motion was granted.

At the expungement hearing, the district judge noted in the case file both, "that the payments of required monies had not been made," and that the, "judgment was released," concluding "I don't believe that those payments had ever been made and thus the sentence wasn't successfully completed." Ebihara's 2003 judgment did not include restitution, so it was not constrained to the pre-2015, 12-year waiting period but is calculated according to subsection (a)(1)'s 7-year waiting period. See *Dwyer*, 56 Kan. App. 2d at 855-56. Accordingly, his judgment became dormant in October 2008 and was then "void (or subject to mandatory release upon request)," in October 2010—well before the July 1, 2015 cutoff. 56 Kan. App. 2d at 855. As a result, the district court likely erred when it held that the sentence had not been completed because of the unpaid costs. But even if the district court incorrectly denied the motion as to that single reason, it did not abuse its discretion in finding that Ebihara's circumstances did not warrant expungement.

7

1.3. *The district court did not abuse its discretion in finding that Ebihara's behavior and circumstances did not warrant expungement.*

Ebihara argues that the district court erred when it considered his postconviction felonies in denying expungement because he claims that the statute allows courts to consider only convictions in the last two years. He argues that the Legislature already accounted for the use of convictions in K.S.A. 2003 Supp. 21-4619(e)(1), and so the district court could not use the fact of those convictions in making its determination under the other subsections of the statute, (e)(2) and (3). But this argument is unpersuasive given previous interpretations of the expungement statute.

In *State v. Martin*, No. 104,465, 2012 WL 401605, at *3 (Kan. App. 2012) (unpublished opinion), the defendant argued that misdemeanor convictions were irrelevant to expungement because they were not felony convictions. A panel of this court agreed that K.S.A. 21-4619(e)(1) does not include "misdemeanor convictions as a per se bar to expungement," but found that such convictions could be used when considering subsection (e)(2) which focuses on the, "'circumstances and behavior of the petitioner.'" 2012 WL 401605, at *3. Another panel of this court in *State v. Gamble*, 20 Kan. App. 2d 684, 688, 891 P.2d 472 (1995), found that when (e)(1) did not apply, the court still properly denied the petition because the district court's examination of the record showed that the defendant, "had been convicted of at least five felonies and several misdemeanors," emphasizing "[the defendant's] continuing parole and his criminal history," in denying the petition under (e)(2) and (3).

Ebihara also argues that the district court cannot base its decision to deny expungement on K.S.A. 2003 Supp. 21-4619(e)(2) and (3) because it did not pronounce from the bench that its denial was based on "circumstances and behavior." The district court's denial based on these factors appears later in the written journal entry.

8

As explained above, a judgment pronounced from the bench controls over a differing journal entry, but a journal entry may clarify the pronouncement. *Jackson*, 291 Kan. at 36. Here, the district judge told Ebihara at the hearing that, "my second reason is that there has been additional felony convictions since the expungement itself and Mr. Ebihara is currently incarcerated." In the journal entry, the court found that "Defendant has been convicted of multiple felonies . . . since his conviction in this case," and that "Defendant has been incarcerated since his conviction in [2009]." Then the court stated that it found the "Defendant's circumstances and behavior do not warrant expu[ngement]," and that expungement "is not consistent with the public welfare." The reasons given in the pronouncement are not replaced by—but instead are clarified by—the journal entry's specific references to K.S.A. 2003 Supp. 21-4619(e)(2) and (3). As a result, the district court did not abuse its discretion in denying the petition for expungement for those reasons.

    1.4.    *The district court did not abuse its discretion by refusing to expunge the arrest records that did not have corresponding convictions.*

Ebihara argues that the district court abused its discretion by denying his petition to expunge arrest records because only one of the three offenses resulted in a conviction. He reasons that the plain meaning of another statute, K.S.A. 2003 Supp. 22-2410, entitles him to expungement of arrest records for offenses that did not result in convictions, regardless of whether an offense from the same arrest did result in a conviction.

Under K.S.A. 2003 Supp. 22-2410(c), a court must order an arrest record expunged if it finds that

> "(1)  The arrest occurred because of mistaken identity;
> "(2)  a court has found that there was no probable cause for the arrest;
> "(3)  the petitioner was found not guilty in court proceedings; or

"(4) the expungement would be in the best interests of justice and (A) Charges have been dismissed; or (B) no charges have been or are likely to be filed."

A panel of this court interpreted both K.S.A. 2006 Supp. 21-4619 and K.S.A. 2006 Supp. 22-2410 together to determine whether arrest records resulting in diversion could be expunged under K.S.A. 2006 Supp. 22-2410. *State v. Yrigolla*, 38 Kan. App. 2d 1029, 1030, 175 P.3d 276 (2008). The *Yrigolla* court looked to legislative history from 1998 amendments to both statutes and examined testimony from then District Judge Marla Luckert, who sat on the Judicial Council Criminal Law Advisory Committee. 38 Kan. App. 2d at 1032. Using this testimony as evidence of the Legislature's intent, the *Yrigolla* court found that, by passing K.S.A. 22-2410, the Legislature, "did not intend for it to be applied to individuals who were rightly arrested and not convicted of a crime solely because they entered into a diversion agreement with the State." 38 Kan. App. 2d at 1032. When an individual has been found guilty, K.S.A. 2006 Supp. 21-4619(e) provides a procedure to expunge that person's "*arrest record*, conviction, or diversion." (Emphasis added.) Thus, K.S.A. 22-2410 was passed to help the other individual "who was found not guilty, who was arrested but never charged or who was wrongfully arrested." 38 Kan. App. 2d at 1032. The *Yrigolla* court determined that K.S.A. 2006 Supp. 22-2410, "applies to the expungement of arrests which did not result in a conviction," and that K.S.A. 2006 Supp. 21-4619, "applies to expungement of arrests which did not result in a conviction due to the arrestees' entering into a diversion agreement with the State." 38 Kan. App. 2d at 1033-34.

The facts in this case are easily analogized to the outcome in *Yrigolla*. Ebihara was arrested and charged with three crimes: felony possession of methamphetamine, felony possession of marijuana, and misdemeanor possession of drug paraphernalia. Ebihara pleaded no contest to count one, possession of methamphetamine, and in exchange the State dismissed the two other counts. Ebihara seeks expungement of the arrest records for counts two and three. Like the defendants in *Yrigolla*, Ebihara wishes to apply K.S.A.

10

2003 Supp. 22-2410 to arrests which did not result in convictions solely because he entered into a plea agreement with the State to dismiss those charges. Ebihara is not in the class of "relatively innocent arrestees," to which the statute applies. *Yrigolla*, 38 Kan. App. 2d at 1033. His arrest records for those possession offenses can be expunged using K.S.A. 2003 Supp. 21-4619. Thus, the district court did not abuse its discretion in denying expungement for the arrest records under K.S.A. 2003 Supp. 22-2410.

2.  *The district court did not abuse its discretion under these facts by not allowing Ebihara to present evidence of actual innocence.*

Ebihara argues that the district court erred because it did not allow him to present evidence of the nature of the conviction at the expungement hearing. He claims that evidence of his innocence is relevant to the court's consideration of the expungement factors found in K.S.A. 2003 Supp. 21-4619(e)(2) and (3). The State sees these arguments as attempts to collaterally attack the conviction and argued in its brief that res judicata bars such an attack.

Ebihara began his presentation of evidence at the expungement hearing with testimony from a witness present at the 2003 crime. The district court stopped Ebihara, saying that the testimony he was presenting was not relevant to the expungement. The State also objected for this reason. During this discussion, Ebihara argued why the evidence was relevant, but the court excluded all evidence except evidence showing what had happened since his conviction.

2.1.  *Preservation and applicable legal standards*

Ebihara presents what could be viewed an evidentiary issue since the district court effectively denied the presentation of evidence due to relevance. An appellate court is generally precluded from reviewing an evidentiary challenge without a timely and specific objection made on the record. *State v. Showalter*, 318 Kan. 338, 345, 543 P.3d

11

508 (2024); K.S.A. 60-404. Here, Ebihara proceeded without assistance of counsel, and while he did not say the word "Objection" or offer a legal basis for his argument, he disagreed with the court's ruling and presented his disagreement on the record. So, we consider the issue preserved for review.

As articulated above, the parties agree that the standard of review for denials of petitions for expungement is abuse of discretion. *Sandstrom*, 273 Kan. at 561. Generally, though, an appellate court exercises de novo review of a challenge to the adequacy of the legal basis of a district judge's decision on admission or exclusion of evidence. *State v. Randle*, 311 Kan. 468, 476, 462 P.3d 624 (2020). But "expungement hearings do not abide by the same rules of evidence as used in trials . . . ." *State v. Kelley*, No. 119,837, 2019 WL 4551618, at *6 (Kan. App. 2019) (unpublished opinion). Accordingly, there is no clear directive as to what standard of review to use for an evidentiary objection during an expungement hearing. We review the evidentiary issue from a wide lens, though, because as we conclude below, whether the evidence should have been permitted is not dispositive of this appeal.

2.2.    *Evidence of the nature of the underlying conviction may, in some circumstances, be relevant to expungement.*

Under Kansas law, evidence of a conviction's circumstances has been allowed at expungement hearings. *Sandstrom*, 273 Kan. at 563. In *Sandstrom*, the petitioner sought expungement of a first-degree murder conviction, and the district court denied it after reviewing the transcripts from the trial saying, "'[i]t is undisputed that Petitioner is guilty of the crime of murder in the first degree.'" 273 Kan. at 561. And the "'certainty'" of guilt and the "'gravity'" of the crime made the public's interest in keeping the record of murder "'exceptionally compelling.'" 273 Kan. at 561. The key takeaway articulated in *Sandstrom* is that a court "can consider the nature of the underlying offense," and not just the events

that followed the conviction. *State v. Cummins*, No. 104,138, 2011 WL 1196947, at *3 (Kan. App. 2d 2011) (unpublished opinion).

In *Kelley*, 2019 WL 4551618, at *1, the petitioner's original conviction of aggravated incest, rape, and attempted rape was reversed, and when it was retried, the petitioner pleaded guilty to aggravated battery. At the expungement hearing for the battery conviction, the State proffered evidence that focused on the sexual nature of the reversed convictions, and the defendant called several character witnesses. The petitioner argued that the court should not have looked beyond the plea agreement in reviewing the petition. A panel of this court construed K.S.A. 2005 Supp. 21-4619(d)(6) and found that although the defendant's initial sexual crime convictions were reversed and he ultimately pleaded to a lesser crime, "Kelley has provided no authority to assert that the district court lacked authority to review the case file." 2019 WL 4551618, at *7.

Relevant here, K.S.A. 2003 Supp. 21-4619(d)(6) is identical to the 2005 version used in *Kelley*, providing that "'[a]ny person who may have relevant information about the petitioner may testify at the hearing.'" 2019 WL 4551618, *6. Ebihara called a witness to the stand to share testimony about the nature of the underlying conviction and the district judge interrupted him, saying that Ebihara should focus on the events that occurred after the conviction, "[b]ecause there's really nothing in the statute that says that the—what happened previous to the conviction is relevant to an expungement." And the district court and the State said that the proposed testimony amounted to an improper "collateral attack" on the previous conviction. But in *Kelley*, the State effectively relitigated the reversed sexual crimes, drawing almost exclusively on the evidence in the case file that pointed toward the defendant's guilt to crimes which were later reversed. 2019 WL 4551618, at *7.

Somewhat similarly, Ebihara—for whatever the evidence may be worth—wanted to present testimony that concerned the circumstances surrounding his 2003 charges.

13

Perhaps the court should have allowed Ebihara to bring forth evidence to supplement the nature of the conviction just as occurred in *Kelley*, and we recognize that the State has provided no authority otherwise. It is true that "Kansas appellate courts recognized that it is in the public's interest for some offenses to remain on petitioners' records despite exemplary behavior following conviction because of the nature of the offenses." *Kelley*, 2019 WL 4551618, at *7. This was more apparent in both *Sandstrom* and *Kelley*, where the offenses were violent, person felonies.

Here, though, we do not have those violent circumstances. Instead, we have a petitioner wanting to challenge the circumstances of a non-person felony drug conviction to which he already pleaded no contest. Under these facts, we struggle to discern the usefulness of the testimony which Ebihara sought to admit.

Although conceivably the circumstances of why he chose to plead guilty could be relevant to the nature of the conviction he seeks to expunge, given the circumstances here, we do not find the district court's decision ultimately affected its denial of the petition and decline to find the district court erred.

K.S.A. 2003 Supp. 21-4619(e) requires the court to have made all three findings in order to grant an expungement petition: (1) that Ebihara had not been convicted of a felony in the past two years and no criminal proceeding was presently pending against him; (2) the circumstances and behavior of Ebihara warranted expungement; *and* (3) the expungement is consistent with the public welfare. By making its findings that Ebihara's circumstances and behavior—that is, his 2010 conviction and present incarceration—did not warrant expungement at this time, he was unable to meet all three required findings and any other testimony would have made no difference to his petition.

14

Ultimately, we do not find the district court's decision was arbitrary, fanciful, or unreasonable, and determine that the district court did not abuse its discretion by denying Ebihara's petition for expungement.

Affirmed.