No. 118,940

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

SCOTT D. DWYER,
*Appellee*.

SYLLABUS BY THE COURT

1.

Proceedings regarding the collection of judgments resulting from orders of restitution are civil in nature.

2.

The plain and unambiguous language of K.S.A. 2017 Supp. 60-2403 states that all restitution judgments not void as of July 1, 2015, continue to be enforceable forever.

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 15, 2019. Reversed.

*Stephanie B. Poyer*, of Butler & Associates, P.A., of Topeka, for appellant.

*Scott D. Dwyer*, appellee pro se.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and BURGESS, S.J.

BURGESS, J.: Scott D. Dwyer was convicted of three counts of theft in 2003. Dwyer was ordered to pay $8,450 in restitution as part of his sentence. In 2017, Dwyer

1

filed a motion with the district court to release his judgment because it had remained dormant for the statutory period of seven years. However, the Kansas Legislature amended the dormant judgment statute in 2015 so that, as of July 1, 2015, restitution judgments could no longer be judicially released and instead would remain collectible forever. Any restitution judgment that was deemed void before July 1, 2015, could still be released. See K.S.A. 2017 Supp. 60-2403(b).The State argued that Dwyer's judgment was not void as of July 1, 2015, and, thus, his judgment could never be extinguished under the new statute. The district court held Dwyer's judgment was already void prior to the amendment's effective date and released his judgment. The State appeals this decision. We reverse and reinstate the judgment against Dwyer consistent with K.S.A. 2017 Supp. 60-2403(b).

FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2003, Dwyer pled guilty to three counts of theft and was sentenced to 12 months in prison with postrelease supervision. The district court also ordered Dwyer to pay $8,450 in restitution as a condition of his postrelease supervision. Dwyer's sentence began on December 13, 2002.

On November 29, 2017, Dwyer filed a motion to release his judgments in four separate criminal cases, including this one, arguing that no one had attempted to collect the judgment in five years. Dwyer asserted that inaction rendered the judgment dormant. Dwyer also argued that when the judgments went dormant, no one attempted to collect on the judgments for an additional two years which rendered them void and subject to release. In contrast, the State argued that, pursuant to K.S.A. 60-2403(d), a plaintiff has up to 12 years to collect a restitution judgment before the judgment becomes void and is subject to release. Further, due to an amendment to the statute in 2015, the State argued that Dwyer's judgment would never become dormant and, thus, could be enforced forever

2

because his judgment was still active as of the amendment date. See K.S.A. 2017 Supp. 60-2403(b).

The district court agreed with Dwyer. The district court found the sentencing journal entry "did not clearly and unambiguously state" that the restitution owed was immediately payable. Thus, even though Dwyer's restitution was originally ordered on March 24, 2003, pursuant to Kansas caselaw, the restitution's enforcement date was stayed until Dwyer completed his sentence. The record does not include the exact date Dwyer completed his sentence, but the district court stated that Dwyer's sentence would have been completed on December 13, 2003, assuming that he did not earn any good time credit. However, assuming Dwyer earned all his good time credit, he would have completed his sentence in mid-October 2003 at the earliest. Thus, his restitution payment would become due on either of these days and the collection clock would start running.

The district court also explained the legislative history of K.S.A. 60-2403. Prior to 2015, subsection (d) provided that an individual has 10 years to collect a restitution judgment before it becomes dormant. If that judgment remained dormant for an additional two years, a defendant could then ask the district court to release that judgment. However, the statute was amended in 2015 and subsection (d) was stricken, which eliminated the 10-year collection period and imposed a 5-year collection period in its place. Additionally, those judgments that were not void as of July 1, 2015, would never become dormant. See L. 2015, ch. 53, § 4.

The district court then applied K.S.A. 2017 Supp. 60-2403. Recognizing that no one had attempted to collect on the judgment within the five-year collection period mandated by the amended statute, the judgment became dormant "at least by December 13, 2008." Because the statute requires the judgment to remain dormant for an additional two years before it may officially be deemed void, the judgment would have become void on December 13, 2010, at the latest. Therefore, the district court ruled the judgment was

3

void as of July 1, 2015, and could still be released from judgment under the amended statute. This meant that K.S.A. 2017 Supp. 60-2403(b), which mandated that a judgment could never become dormant, did not apply.

But, the district court also noted that restitution judgments are now subject to the five-year collection period because the "clear legislative intent is that as of July 1, 2015, judgments for restitution are subject to K.S.A. 60-2403(a)(l) and those judgments that were not void as of July 1, 2015 will never become dormant." As such, the district court found that "[Dwyer's] judgment for restitution in this case became void the minute the amendments went into effect." The district court granted Dwyer's motion and released the restitution judgment on December 27, 2017.

The State filed a notice of appeal on January 23, 2018. Dwyer then filed a motion to dismiss the appeal arguing the State filed an untimely notice of appeal. Another Court of Appeals panel denied the motion stating that although Dwyer's obligation to pay restitution stems from a criminal conviction, the appeal from the judgment voiding restitution was a collateral attack and was civil in nature. The panel ruled that the State's notice of appeal was timely because the journal entry was filed on December 27, 2017, and the State filed its notice of appeal on January 23, 2018, which was within the 30 days allotted by statute. Dwyer also filed a petition for review on the jurisdiction issue, but the petition was denied.

DOES THIS COURT HAVE JURISDICTION
TO HEAR THE ISSUES ON APPEAL?

Before reviewing the issue on the merits, Dwyer first asserts that this court lacks jurisdiction to hear the State's appeal for the following reasons: (1) The State did not file a timely notice of appeal, (2) the State is not permitted to appeal under these

4

circumstances according to statute, and (3) the State failed to list its basis for jurisdiction in the notice of appeal.

With respect to whether the notice of appeal was timely, Dwyer argues that, because the restitution judgment stems from a criminal case, the State was required to file its appeal within 14 days of the district court's ruling from the bench. Dwyer also argues that even if this case is considered to be a civil action, the State still failed to file the notice of appeal within 30 days from when the district court pronounced its ruling from the bench as required by the civil procedure rules. Dwyer asserts that the district court pronounced the ruling from the bench on December 22, 2017, and the State did not file its appeal until January 23, 2018, which was 32 days after the district court made its ruling.

The timely filing of a notice of appeal ordinarily is jurisdictional. See *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). Additionally, "'[i]t is a fundamental proposition of Kansas appellate procedure that an appellate court only obtains jurisdiction over the rulings identified in the notice of appeal.'" *Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 637, 270 P.3d 1074 (2011) (quoting *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, 718, 869 P.2d 598 [1994]). Our standard of review provides that whether jurisdiction exists is a question of law over which this court's review is unlimited. *State v. Jamerson*, 54 Kan. App. 2d 312, 314, 399 P.3d 246 (2017).

Dormant restitution judgments are governed by K.S.A. 2017 Supp. 60-2403; Chapter 60 covers civil procedure rather than criminal law. Additionally, K.S.A. 21-4603d(b)(2) provides that "[i]f the court orders restitution, the restitution shall be a judgment against the defendant which may be collected by the court by garnishment or other execution as on judgments in civil cases." A recent Court of Appeals panel affirmed that enforcement of a criminal defendant's restitution is "governed by the Kansas Code of Civil Procedure and is treated the same as any other money judgment obtained in a civil

5

suit." *Jamerson*, 54 Kan. App. 2d at 315. Kansas civil procedure rules provide that an appeal must be filed within 30 days from "entry of the judgment." K.S.A. 2017 Supp. 60-2103(a). In civil cases, a judgment is entered when a journal entry or judgment form is filed. K.S.A. 2017 Supp. 60-258.

Here, the district court did not have an oral hearing on the matter, but rather it filed a journal entry of its decision on December 27, 2017. Because this is a civil matter, the State had 30 days from this date to file its appeal. The State filed its notice of appeal on January 23, 2018, which was 27 days later. Thus, the State filed a timely notice of appeal.

Dwyer also argues that the State may only appeal a judgment under a few circumstances and this is not one of them. Dwyer further contends that because the State failed to list the basis for jurisdiction in its notice of appeal, this precludes this court from considering the issues on appeal. The State addressed the jurisdiction issue when it filed its response to Dwyer's petition for review, but it does not address the jurisdiction issue in its appellate brief.

Generally, the State may only appeal a judgment in a criminal case under the following circumstances:

> "(1) From an order dismissing a complaint, information or indictment;
> "(2) from an order arresting judgment;
> "(3) upon a question reserved by the prosecution; or
> "(4) upon an order granting a new trial in any case involving a class A or B
> felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid
> crime." K.S.A. 2017 Supp. 22-3602(b).

Dwyer asserts the State could have arguably reserved a question under section (3), but the State did not do so. Dwyer also argues that the State was required to list one of these four grounds in its notice of appeal but failed to do. Because this is a civil matter,

6

K.S.A. 2017 Supp. 22-3602 does not define the grounds on which the State may appeal. Instead, the State cited K.S.A. 60-2101 as the basis for its appeal. K.S.A. 60-2101(a) states that appeals in civil actions are governed by K.S.A. 60-2102.

K.S.A. 2017 Supp. 60-2102(a) allows a party to appeal a judgment as a matter of right from:

"(1) An order that discharges, vacates or modifies a provisional remedy.

"(2) An order that grants, continues, modifies, refuses or dissolves an injunction, or an order that grants or refuses relief in the form of mandamus, quo warranto or habeas corpus.

"(3) An order that appoints a receiver or refuses to wind up a receivership or to take steps to accomplish the purposes thereof, such as directing sales or other disposal of property, or an order involving the tax or revenue laws, the title to real estate, the constitution of this state or the constitution, laws or treaties of the United States.

"(4) A final decision in any action, except in an action where a direct appeal to the supreme court is required by law. In any appeal or cross appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable."

Because the December 2017 judgment was a final decision, it is appealable under K.S.A. 2017 Supp. 60-2102(a)(4). Further, nothing in this statute requires a party to explicitly assert one of these grounds for jurisdiction in order to perfect an appeal. Rather, the Kansas Civil Procedure statutes only provide that the notice of appeal must specify the parties taking the appeal, designate the judgment or part thereof appealed from, and name the appellate court to which the appeal is taken. K.S.A. 2017 Supp. 60-2103(b). The State's notice of appeal includes all of these requirements and the State followed the proper procedures to perfect its appeal. Thus, this court has jurisdiction to hear the issue.

7

### DID THE DISTRICT COURT ERR IN DETERMINING DWYER'S JUDGMENT WAS VOID AS OF JULY 1, 2015?

Finding that this court has jurisdiction over this appeal, the sole issue for determination is when Dwyer's judgment became void under the statute. Our standard of review provides that interpretation of a statute receives unlimited review. *Jamerson*, 54 Kan. App. 2d at 314.

When interpreting a statute, an appellate court first looks at the plain language of the statute to ascertain the Legislature's intent. "'When language is plain and unambiguous, there is no need to resort to statutory construction. An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there.' [Citations omitted.]" *In re Estate of Strader*, 301 Kan. 50, 55, 339 P.3d 769 (2014). It is only when the language is unclear that the court looks to the canons of statutory construction, consults legislative history, or considers other background information to ascertain its meaning. *Whaley v. Sharp*, 301 Kan. 192, 196, 343 P.3d 63 (2014).

We first must determine when the "collection clock" started to run as to the viability of the restitution order. Here, Dwyer's journal entry from sentencing was ambiguous as to whether his restitution order would be enforced during his incarceration period or if it would only become enforceable once he completed his sentence. The Kansas Supreme Court has held that if a district court intends for the restitution judgment to be enforced during the defendant's incarceration period, the district court must state this intention unambiguously. *State v. Alderson*, 299 Kan. 148, 151, 322 P.3d 364 (2014). When a district court's restitution order fails to unambiguously state when the restitution order will be enforced, the restitution judgment will not be enforced until the defendant is released from prison. See 299 Kan. at 151. Thus, the collection clock on Dwyer's restitution judgment did not begin until October 2003 when he was released from prison.

8

We turn next to interpretation of the statute involved here, K.S.A. 2017 Supp. 60-2403. But first, a brief explanation of its history is in order.

Prior to 2015, K.S.A. 60-2403(d) specifically provided a section detailing how dormant *restitution* judgments were to be addressed. It provided that when a creditor has not filed a renewal affidavit or if execution proceedings had not been issued within 10 years of the journal entry of restitution order, the judgment became dormant "and cease[d] to operate as a lien on the real estate of the judgment debtor." If the judgment remained dormant for an additional period of two years, the district court was required to release the judgment of record upon the defendant's request. K.S.A. 60-2403(d). A creditor could revive or renew its intention to collect the debt at any time before the full 12 years had passed in order to keep the judgment alive. K.S.A. 60-2403(d).

The Legislature amended the statute in 2015 and eliminated subsection (d) regarding the dormancy calculation for restitution judgements. Instead, as to restitution judgments, the statute now informs us that they never become dormant. But the new statute contains one critical exception for judgments that were void as of the adoption of the amendments:

> "Except for those judgments which have become void as of July 1, 2015, no judgment for court costs, fees, fines or restitution shall be or become dormant for any purpose except as provided in this subsection. If a judgment would have become dormant under the conditions set forth in subsection (a), the judgment shall cease to operate as a lien on the real estate of the judgment debtor as of the date the judgment would have become dormant, but the judgment shall not be released of record pursuant to subsection (a)." K.S.A. 2017 Supp. 60-2403(b).

The district court interpreted this change to mean that Dwyer's judgment now fell under the general civil judgment category in subsection (a)(1) which meant that Dwyer's judgment became dormant in October 2008 after applying the general five-year period in

9

civil actions before it would be declared dormant. This judgment laid dormant for an additional two years; thus, the judgment became void (or subject to mandatory release upon request) as of October 2010. Because this judgment was already void as of July 1, 2015, Judge Goering opined that subsection (b) did not apply and the judgment could be released pursuant to (a)(1).

It was the State's position that using the 10-year collection period under the previous statute, Dwyer's judgment would not become dormant until October 2013 and, thus, the judgment would not be void until October 2015. Because it was not void as of July 1, 2015, the judgment could not be subsequently released. But, the district court ruled that the State's application meant applying both the 10-year collection period under the old statute and applying the "judgments never go dormant" provision from the new statute. The district court ruled that the State could not mix and match portions of the two versions of the statute. We disagree. There is no mixing and matching of statutes here.

The amended statute states in plain and unambiguous language that restitution judgments that were not void as July 1, 2015, shall not "be or become dormant for any purpose except as provided in this subsection." K.S.A. 2017 Supp. 60-2403(b). The remaining provision simply deals with how a restitution judgment that would be *dormant* under the new five-year provision should be treated—it is no longer a lien on real estate, but it still cannot be released. Under the most favorable interpretation to Dwyer, the judgment against him could not have been considered void any earlier than October 2015, clearly subsequent to July 1, 2015.

Both parties make extensive arguments as to whether the 2015 amendment to K.S.A. 60-2403 should be applied retroactively. We find that there is no need to do so.

The plain and unambiguous language of the statute informs us how to apply it before and after July 1, 2015. Those restitution judgments that were already *void* (or

10

subject to mandatory release upon request) as of July 1, 2015, would not be subject to the new "never dormant" restitution provision because those judgments already had a predetermined expiration date. And this interpretation makes sense. To hold otherwise would to be to find, for example, that a restitution judgment that was eight years old and completely enforceable on June 30, 2015, would be wiped out on July 1, 2015, to the detriment of a creditor who was relying on the 10-year period before dormancy and the 12-year period before it was considered void. We are required to construe statutes to avoid such unreasonable or absurd results. *State v. Arnett*, 307 Kan. 648, 654, 413 P.3d 787 (2018).

The judgment of the district court releasing the restitution judgment against Dwyer is reversed. It is ordered that the judgment rendered against Dwyer is valid and shall continue as a judgment against Dwyer.

Reversed.