NOT DESIGNATED FOR PUBLICATION

No. 121,122

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALAN K. COPRIDGE,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed March 20, 2020. Reversed and remanded with directions.


*Alan K. Copridge*, appellant pro se.


*Stephanie B. Poyer*, of Butler & Associates, P.A., of Topeka, for appellee.


Before GARDNER, P.J., BUSER, J., and BURGESS, S.J.


PER CURIAM:  Alan K. Copridge was sentenced on April 21, 1994, for first-degree murder, aggravated kidnapping, aggravated robbery, and criminal possession of a firearm. Copridge was ordered to pay $278.50 in court costs, fines, and fees. The debt was paid in full on March 27, 2018. Beginning in July 2018, Copridge filed a series motions requesting the judgment be released and the funds returned to him. The district court denied these motions. After review, it is determined that the district court erred when it failed to release Copridge from the judgment entered against him. The case is reversed as to the judgment that was entered and is remanded with directions to return funds.

1

FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 1994, Copridge was sentenced to a "hard 40" sentence for first-degree murder, aggravated kidnapping, aggravated robbery, and criminal possession of a firearm. As part of his sentencing, Copridge was ordered to pay court costs and fees totaling $278.50. On March 27, 2018, these court costs and fees were apparently paid in full through payments in accordance with Copridge's participation of a paid work-release program authorized under K.S.A. 75-5211.

On July 12, 2018, Copridge filed a pro se motion to be released from the judgment of the court costs and fees. In that motion Copridge argued that he should be released from the judgment because he never received an assessment of the costs pursuant to K.S.A. 22-3803. The Sedgwick County District Court denied this motion, holding "[r]elease would not be appropriate under [the] statutes."

On October 18, 2018, Copridge filed another pro se motion to be released from the judgment of the court costs and fees, arguing that the judgment was dormant because the statutory period of time had passed in order for the judgment to become dormant and the State had not requested reviver of the judgment. The district court denied this second motion as a "[r]epeated motion."

On February 12, 2019, Copridge filed a pro se motion to alter or amend the district court's denial of his second motion to be released from judgment. Like Copridge's prior motions, the district court denied this motion. The district court held:

> "[Copridge] continues to file motions seeking relief from judgment for costs and fees assessed at sentencing. Butler and Associates has responded stating that the entirety of the judgment has previously been paid in full and is not seeking nor have they sought any involuntary payment from [Copridge].

"The court finds that such payments that have been made were voluntarily made pursuant to K.S.A. 75-5268 et seq. . . . [Copridge's] motions will not change these findings nor the court's rulings."

Copridge now timely appeals the district court's denial of his second motion to be released from judgment. He proceeds pro se.

ANALYSIS

On appeal, Copridge makes three primary arguments. He argues that the district court erred in denying his motion for release from judgment and his motion to reconsider. This argument encompasses Copridge's first, second, and fifth issues on appeal—that the payments on the judgment were not voluntary, that the judgment was void, and that the ruling was contrary to the evidence. Copridge also argues that his procedural due process rights were violated. Finally, Copridge argues that the district court lacked subject matter jurisdiction when it made its ruling.

*Did the district court err in denying Copridge's motion for release from judgment and his motion to reconsider?*

First, Copridge argues that the district court erred in denying his motion for release from judgment and his motion to reconsider. Specifically, he argues the judgment was void and, therefore, the district court should have released him from the judgment against him when requested. The State responds that Copridge's payments were voluntary and that the judgment was voidable, not void, when Copridge made the payments towards the court costs and fees.

Resolution of this issue requires this panel determine if and when Copridge's judgment became void under K.S.A. 2019 Supp. 60-2403. Interpretation of a statute receives unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647

3

(2019); *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). A brief history of the statute is required.

When Copridge's judgment was entered, K.S.A. 1993 Supp. 60-2403 did not specifically address court costs and fees or restitution orders. In 1995 the Legislature amended K.S.A. 60-2403 and added subsection (d) to the statute which specifically provided a section detailing how dormant restitution judgments were to be addressed. The statute also covered "court costs and fees" included in these orders. K.S.A. 1995 Supp. 60-2403(d). Under K.S.A. 1995 Supp. 60-2403(d), when a creditor has not filed a renewal affidavit or if execution proceedings had not been issued within 10 years of the entry of judgment the judgment became dormant and "cease[d] to operate as a lien on the real estate of the judgment debtor." If the judgment remained dormant for an additional two years, the district court was required to release the judgment upon the defendant's request. K.S.A. 1995 Supp. 60-2403(d). A creditor could revive the dormant judgment to collect the debt at any time before the two years had passed in order to keep the judgment alive. K.S.A. 60-2404.

In 2015, the Legislature amended the statute and eliminated subsection (d) regarding the dormancy calculation for restitution and court costs and fees judgments. K.S.A. 2019 Supp. 60-2403(b) now states that such judgments *never* become dormant. However, there is one critical exception for judgments that were void as of the adoption of the amendments to K.S.A. 2019 Supp. 60-2403(b):

> "*Except for those judgments which have become void as of July 1, 2015*, no judgment for court costs, fees, fines or restitution shall be or become dormant for any purpose except as provided in this subsection. If a judgment would have become dormant under the conditions set forth in subsection (a), the judgment shall cease to operate as a lien on the real estate of the judgment debtor as of the date the judgment would have become dormant, but the judgment shall not be released of record pursuant to subsection (a)." (Emphasis added.)

4

In plain and unambiguous language, the amended statute states that restitution and court costs and fees judgments that were not void as of July 1, 2015, shall never "be or become dormant for any purpose except as provided in this subsection." K.S.A. 2019 Supp. 60-2403(b). The rest of subsection (b) "deals with how a restitution judgment that would be *dormant* under the new five-year provision should be treated—it is no longer a lien on real estate, but it still cannot be released." *State v. Dwyer*, 56 Kan. App. 2d 848, 856, 439 P.3d 338, *rev. denied* 310 Kan. ___ (December 19, 2019). The statute's plain and unambiguous language informs us how to apply the statute before and after July 1, 2015. As stated by another panel of this court, the judgments for restitution and court costs and fees "that were already void (or subject to mandatory release upon request) as of July 1, 2015, would not be subject to the new 'never dormant' restitution provision because those judgments already had a predetermined expiration date." 56 Kan. App. 2d at 856.

As to the current case, it must be determined whether the judgment against Copridge for court costs and fees judgment was void before July 1, 2015. The judgment would be subject to mandatory release upon request. If it was still a valid judgment on July 1, 2015, it would be subject to the "never dormant" provision of K.S.A. 2019 Supp. 60-2403(b). To make this determination it must be determined when the "collection clock" started to run on this judgment.

Restitution is due "upon sentencing only if the court orders a certain amount of money be withheld from the defendant's monthly prison account. Otherwise, restitution orders at sentencing are advisory calculations of damages for the Prisoner Review Board, which can impose restitution upon the defendant's parole." *State v. Gentry*, 310 Kan. 715, 738, 449 P.3d 429 (2019). However, the "taxation of court costs are not viewed in the same way." 310 Kan. at 738. Unlike restitution, the court must order a convicted defendant to pay court costs even if the defendant is going to prison. See *State v. Douglas*, 47 Kan. App. 2d 734, 742, 279 P.3d 133 (2012) (cited with approval by *Gentry*,

5

310 Kan. at 738). Therefore, the date the collection clock started running is the date Copridge was ordered to pay the court costs. Compare *Dwyer*, 56 Kan. App. 2d at 854 (holding "collection clock" for restitution did not being to run until prison sentence was complete) with *State v. Vaughan*, No. 119,610, 2019 WL 1575358, at *2 (Kan. App. 2019) (unpublished opinion) (holding collection clock for court costs and fees began to run on date judgment was entered against defendant), *rev. denied* 310 Kan. ___ (December 19, 2019). Copridge was ordered to pay the court costs and fees on April 21, 1994. Copridge's 12-year collection clock began to run on that date. See K.S.A. 1995 Supp. 60-2403(d). There is nothing in the record to indicate that the State, or any other party, made the proper filings to keep the judgment at issue here "alive." Copridge's court costs and fees judgment was void and subject to mandatory release upon request on April 21, 2006—12 years after he was ordered to pay. This date is clearly before July 1, 2015, and, therefore, Copridge's judgment is not subject to the new "never dormant" provision of K.S.A. 2019 Supp. 60-2403(b).

Yet the analysis does not end here. In the case at hand, we are left with the unusual situation where Copridge made payments on a void judgment and satisfied that judgment in full. It was only after such payment that he *then* requested to be released from that judgment and have the money returned to him. Although Copridge's judgment was void and subject to mandatory release upon request, payments were made on this judgment as part of his participation in a work release program authorized under K.S.A. 75-5211. The payments were made after the judgment was void but before he made a request to be released from the void judgment.

K.S.A. 75-5268 directs that an inmate's income earned through a work release program is paid to the secretary of corrections and is then distributed to a hierarchy of payees, one of which is "the clerk of the district court in which the crime occurred, [for] payment of a reasonable amount pursuant to an order for all costs, fines, fees and restitution assessed. Such payment shall be distributed in the following order of priority:

6

Restitution, costs, fines and fees." K.S.A. 75-5268(f). Any remaining income is credited to the inmate's account. K.S.A. 75-5268(i). The State argues that because Copridge's participation in the work release program was voluntary, his payments were also voluntary. The district court held the same. However, even if we classify the payments as voluntary, the State's position that the district court correctly denied Copridge's motions is ultimately meritless.

While a highly unusual position, Copridge's payments—even if voluntary—still did not revive the void judgment. "A revivor of a judgment is purely statutory in its origin and can be accomplished only in the manner and under the conditions prescribed by statute." *First Federal Savings & Loan Assn. v. Liebert*, 195 Kan. 100, 101, 403 P.2d 183 (1965). And "[u]nlike fine wine, void judgments do not improve with age; they are void ab initio, void for all time. A void judgment cannot be brought back to life." 46 Am. Jur. 2d, Judgments § 26. While research has been unable to locate a case dealing with payments on a void judgment of court costs and fees in the criminal context, it has located similar situations in the realm of child support, which are informative. Importantly, "[b]ecause a void judgment has no legal force or validity, voluntary payments cannot amount to acquiescence under the law. A party cannot acquiesce in a void judgment." *Sramek v. Sramek*, 17 Kan. App. 2d 573, Syl. ¶ 3, 840 P.2d 553 (1992). See *In re Marriage of Sumpter*, No. 96,256, 2007 WL 656424, at *6 (Kan. App. 2007) (unpublished opinion) ("If the judgment itself is found to be void, a party's voluntary payments to that judgment cannot amount to acquiescence under the law because a void judgment has no legal force or validity.").

Further, "[a] void judgment is a nullity and may be vacated at any time." *In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1997); *State v. Jenkins*, 295 Kan. 431, 450, 284 P.3d 1037 (2012); *In re Marriage of Johnson*, 54 Kan. App. 2d 516, 530, 402 P.3d 570 (2017), *rev. denied* 307 Kan. 987 (2018). Therefore, even though payment was made in full on this judgment, the district court was still required to vacate

the judgment and release Copridge from it when he requested as such. See K.S.A. 2019 Supp. 60-2403(a)(1), (b); K.S.A. 1995 Supp. 60-2403(d).

As a final note, the State argues that this judgment was "voidable" and not "void," because Copridge never requested to be released from the judgment. While the former is "valid until annulled," the latter is of "no validity or effect." Black's Law Dictionary 1885-86 (11th ed. 2019); see *In re Marriage of Kidane & Araya*, 53 Kan. App. 2d 341, 346, 389 P.3d 212 (2017). Once a judgment "grows dormant" and is not revived pursuant to K.S.A. 60-2404 (the statute governing the procedure for reviving a dormant judgment), "it becomes absolutely extinguished and unenforceable." *Cyr v. Cyr*, 249 Kan. 94, 97, 815 P.2d 97 (1991). This judgment was void.

The district court erred in its denial of Copridge's motions. Copridge's judgment was void as of April 21, 2006. Any payments made after that date are to be returned to Copridge, and the district court will release Copridge from the judgment as he requested.

Copridge raises other issues in his appeal but those issues are rendered moot based on the reversal of the trial court's denial of Copridge's motion for release from judgment and the return on funds previously withheld.

The case is reversed as to the judgment that was entered and is remanded with directions.