NOT DESIGNATED FOR PUBLICATION

No. 122,650

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DERON MCCOY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed March 26, 2021. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Thomas R. Stanton*, county attorney and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., BUSER, J., and WALKER, S.J.


PER CURIAM: Deron McCoy appeals from the district court's denial of his motion to release a $1,435 judgment owed to the Board of Indigents' Defense Services (BIDS) for attorney fees imposed in a 2003 criminal case. In March 2019 McCoy filed a motion for release of the judgment, arguing that it was void based on the State's failure to file an affidavit of renewal at any time prior to the filing of the motion. In response, the State asserted that the relevant statute, K.S.A. 60-2403, was amended in 2015 to prevent such a judgment from becoming void. The district court denied the motion. McCoy appeals. Finding no error, we affirm.

1

In September 2003, a jury found McCoy guilty of misdemeanor battery and felony obstruction of official duty in a Reno County criminal case. The district court imposed a controlling sentence of 16 months in prison, consecutive to previous sentences from another criminal case. McCoy was also ordered to pay BIDS fees of $1,435. He unsuccessfully appealed his convictions and sentence. See *State v. McCoy*, 34 Kan. App. 2d 185, 116 P.3d 48 (2005).

On March 20, 2019, McCoy filed a pro se motion for release of the monetary judgment. He argued that under K.S.A. 60-2403(a), the judgment became dormant in November 2008 because the State had not filed a renewal affidavit, and the judgment subsequently became void in November 2010 because the State failed to file a motion for revivor of the dormant judgment.

In response, the State contended that McCoy had incorrectly applied the relevant subsections of K.S.A. 60-2403. According to the State, subsection (a) did not apply, but at the time judgment was rendered, subsection (d) was relevant, which gave the State "'10 years from the date of the entry of any judgment of restitution in any court of record in this state'" to file a renewal affidavit. Thus, the judgment "would not have become dormant until November 14, 2013, and it would not have been void until November 14, 2015."

Most importantly, the State observed that the Legislature had amended K.S.A. 60-2403 in 2015 by deleting subsection (d) and adding language to subsection (b) exempting financial obligations arising out of criminal cases from becoming void, "[e]xcept for those judgments which have become void as of July 1, 2015." See K.S.A. 2019 Supp. 60-2403(b); L. 2015, ch. 53, § 4. As a result of this amendment, the State argued that McCoy's motion should be denied because the $1,435 judgment would not have become

void until November 2015—four months *after* the date the Legislature exempted judgments in criminal cases from ever becoming void.

The district court held a hearing on the motion on July 12, 2019. The record on appeal does not include a copy of a transcript of the hearing. Subsequently, the district court issued an order denying McCoy's motion. The court noted in the order that "Defendant was sentenced on November 14, 2003. The judgment was not void as of July 1, 2015. K.S.A. [2019 Supp.] 60-2403(b) requires the motion be denied. The judgment is not void."

McCoy timely appeals.

## DENIAL OF MOTION FOR RELEASE FROM JUDGMENT

On appeal, McCoy contends the district court erred in denying his motion for release from the judgment. The crux of his argument is that the 2015 legislative amendments to K.S.A. 60-2403 retroactively increased his sentence by eliminating the "expiration date" for the judgment in his criminal case. As a result, McCoy argues that the amended statute as applied to him violated the Ex Post Facto Clause of the Constitution of the United States.

In response, the State argues that on appeal McCoy essentially concedes that the argument he proffered in the district court lacked merit. Instead, the State submits that, for the first time on appeal, McCoy is raising an ex post facto constitutional argument which we should decline to consider because it was not preserved for appellate review. Lastly, the State argues that McCoy's new argument is without merit.

Resolution of this appeal involves a matter of statutory interpretation which presents a question of law subject to unlimited review. *State v. Martin*, 308 Kan. 1343, 1349, 429 P.3d 896 (2018).

Preliminarily, we have reviewed McCoy's argument before the district court and the district court's ruling. In the district court, McCoy's argument was purely statutory. He contended that the BIDS judgment was void by operation of K.S.A. 60-2403(a). The district court rejected the argument, and ruled the judgment was still viable pursuant to the 2015 amendments to K.S.A. 60-2403. See L. 2015, ch. 53 § 4.

On appeal, however, McCoy has not reprised or briefed the argument he made in the district court. McCoy's new argument on appeal is predicated on the notion that the 2015 amendments to K.S.A. 60-2403 resulted in the judgment never becoming void and, therefore, imposing an increased sentence upon McCoy in violation of the Ex Post Facto Clause. McCoy's failure to argue and brief the argument he made in the district court is significant because an issue not briefed is deemed waived or abandoned. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). We find that McCoy has waived or abandoned his prior claim that K.S.A. 60-2403(a) required the district court to release the judgment because it became void in November 2010.

Despite this procedural bar, for the sake of completeness we will consider the propriety of the district court's ruling. When the district court assessed BIDS fees against McCoy in his criminal case, K.S.A. 60-2403(a)(1) provided:

> "Except as provided in subsection (d), if a renewal affidavit is not filed or if execution, including any garnishment proceeding, support enforcement proceeding or proceeding in aid of execution, is not issued, within five years from the date of the entry of any judgment in any court of record in this state, including judgments in favor of the state or any municipality in the state, or within five years from the date of any order reviving the judgment or, if five years have intervened between the date of the last

4

renewal affidavit filed or execution proceedings undertaken on the judgment and the time of filing another renewal affidavit or undertaking execution proceedings on it, the judgment, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the real estate of the judgment debtor. Except as provided in subsection (b), when a judgment becomes and remains dormant for a period of two years, it shall be the duty of the clerk of the court to release the judgment of record when requested to do so."

Subsection (d) of the statute addressed court costs and fees, extending the time limit for a judgment to become dormant to "10 years from the date of the entry of any judgment of restitution in any court of record in this state," but kept the 2-year deadline after dormancy for a judgment to become void. K.S.A. 60-2403(d). Additionally, a creditor could revive a dormant judgment before the two years expired to keep the judgment alive. K.S.A. 60-2404.

In 2015, the Legislature amended the statute by eliminating subsection (d) and exempting judgments for court costs and fees from becoming void. See L. 2015, ch. 53 § 4. Specifically, the statute as amended provides:

"*Except for those judgments which have become void as of July 1, 2015*, no judgment for court costs, fees, fines or restitution shall be or become dormant for any purpose except as provided in this subsection. If a judgment would have become dormant under the conditions set forth in subsection (a), the judgment shall cease to operate as a lien on the real estate of the judgment debtor as of the date the judgment would have become dormant, but the judgment shall not be released of record pursuant to subsection (a)." (Emphasis added.) K.S.A. 2019 Supp. 60-2403(b).

The plain and unambiguous language of the amended statute provides that judgments for court costs and fees that were not already void as of July 1, 2015, are not void and subject to release under subsection (a). See *State v. Dwyer*, 56 Kan. App. 2d 848, 856, 439 P.3d 338 (2019) ("Those restitution judgments that were already void (or

5

subject to mandatory release upon request) as of July 1, 2015, would not be subject to the new 'never dormant' restitution provision because those judgments already had a predetermined expiration date."), *rev. denied* 310 Kan. 1065 (2019).

The question is presented: Was the judgment against McCoy void before July 1, 2015? Since the judgment against McCoy was solely for BIDS attorney fees, the collection clock began running the date the district court ordered him to pay the fees. See *State v. Copridge*, No. 121,122, 2020 WL 1313790, at *3 (Kan. App. 2020) (unpublished opinion) (holding collection clock for court costs and fees began to run on date judgment entered against defendant). The district court sentenced McCoy and assessed the BIDS attorney fees against him on November 14, 2003. Thus, the 12-year clock referenced in K.S.A. 60-2403(d) began to run on that date with the judgment not becoming dormant until November 14, 2013, and not becoming void until 2 years later on November 14, 2015. That date, November 14, 2015, is clearly *after* the statutory date of July 1, 2015, and, as a result, McCoy's judgment was not eligible for release because of the intervening amendment to K.S.A. 2019 Supp. 60-2403(b). We find no error in the district court's ruling.

Next, we consider McCoy's argument for the first time on appeal that the 2015 amendment to K.S.A. 60-2403 violated the Ex Post Facto Clause of the United States Constitution. As mentioned earlier, according to McCoy, the application of this amendment improperly increased his sentence by removing the 12-year expiration date of the BIDS judgment. But as the State notes, our court must first determine whether this issue was preserved for appellate review.

Constitutional grounds for reversal asserted for the first time on appeal are not properly before an appellate court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Moreover, generally, issues not raised before the district may not be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

6

There are three exceptions to this general rule. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019) (listing exceptions). Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. 309 Kan. at 995. Upon our review, McCoy has not claimed an exception to the general rule precluding appellate review. This is important because our Supreme Court cautions that Rule 6.02(a)(5) will be strictly enforced, and litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. See *Daniel*, 307 Kan. at 430.

McCoy makes no attempt to explain why this court should consider the ex post facto constitutional challenge for the first time on appeal. Consequently, he has not properly briefed the issue, and we conclude this argument is procedurally barred because it is waived or abandoned. See *State v. Webster*, No. 119,649, 2019 WL 4725352, at *2 (Kan. App. 2019) (unpublished opinion) (rejecting equal protection challenge for the same reason).

In summary, the district court did not err when it denied McCoy's motion for release from judgment because the judgment for BIDS attorney fees in his criminal case is not eligible for release under K.S.A. 2019 Supp. 60-2403(b).

Affirmed.