NOT DESIGNATED FOR PUBLICATION

No. 127,021

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RHEUBEN JOHNSON,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Submitted without oral argument. Opinion filed October 10, 2025. Appeal dismissed.

*Kristen B. Patty*, of Wichita, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Rheuben Clifford Johnson appeals from the district court's summary denial of his K.S.A. 60-1507 motion as reflected in a journal entry filed on July 21, 2021. He also appeals from the district court's journal entry filed on August 22, 2023, in which it found that it no longer had jurisdiction over this matter in light of the previous summary denial of the K.S.A. 60-1507 motion. Because Johnson failed to file a timely notice of appeal or postjudgment motion after the district court summarily denied the K.S.A. 60-1507 motion in July 2021, we conclude that we lack appellate jurisdiction. Thus, we dismiss this appeal.

1

The parties are familiar with the underlying facts and it is unnecessary to repeat them in detail in this opinion. A jury convicted Johnson of two counts of solicitation to commit the first-degree murder of his ex-wife. A panel of this court affirmed Johnson's convictions on direct appeal, and the Kansas Supreme Court denied his petition for review. *State v. Johnson*, No. 110,837, 2017 WL 4558235, at *1, 13 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. 1598 (2018). Likewise, the United States Supreme Court denied his petition for a writ of certiorari. *Johnson v. Kansas*, 586 U.S. 1238 (2019).

On December 27, 2019, Johnson filed a pro se K.S.A. 60-1507 motion that is the subject of this appeal. In his motion, Johnson asserted numerous allegations including ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and trial errors. In response, the State requested that the motion be summarily denied. Initially, the K.S.A. 60-1507 motion was assigned to the district court judge who had previously presided over Johnson's criminal case.

In January 2020, an attorney was appointed to represent Johnson in his K.S.A. 60-1507 motion. Several months later, Johnson filed a pro se motion requesting the appointment of new counsel. On November 12, 2020, Johnson's counsel filed a response to the State's motion to summarily deny Johnson's motion. At a hearing held on the same day, the district court ruled from the bench that the K.S.A. 60-1507 motion should be summarily denied. In reaching this decision, the district court explained that the claims asserted in the motion had either been decided on direct appeal or were improperly asserted in a conclusory fashion that did not warrant an evidentiary hearing.

A few weeks after the bench ruling was announced—but before a journal entry had been filed—another district court judge was assigned to this matter. Moreover, it

appears that Johnson filed several more pro se motions and the newly assigned judge granted his request for new counsel. Then, on July 20, 2021, the judge who was now handling the case held a hearing and inquired about the status of the journal entry from the hearing held on November 12, 2020. Evidently, this prompted the parties to act, and the journal entry memorializing the summary denial of the K.S.A. 60-1507 motion was finally filed the next day.

The reason for the delay in filing the journal entry until July 21, 2021, is not readily apparent from the record. Regardless, it is undisputed that a "Journal Entry Denying K.S.A. 60-1507" was signed by the original judge who had issued the bench ruling and filed with the Clerk of the District Court on that date. It is also undisputed that Johnson failed to file either a motion to reconsider or a notice of appeal in the statutorily allotted time period following the filing of the journal entry summarily denying his K.S.A. 60-1507 motion.

Even though neither a motion to reconsider nor a notice of appeal were filed by Johnson following the filing of the journal entry, the district court held several more hearings and granted another motion for appointment of new counsel. In November 2021, Johnson requested that this matter be stayed while he pursued a related federal habeas action in federal court. By the time the district court held a hearing on November 4, 2022, Johnson had been released from prison and was serving postrelease supervision. At that hearing, the parties—as well as the district court—expressed their confusion regarding the current status of the K.S.A. 60-1507 motion and what else needed to be done.

The district court continued the hearing to look into the record and to review Johnson's affidavit of indigency for the appointment of new counsel. Shortly thereafter, the district court once again appointed new counsel to represent Johnson. Several months later—at a May 2023 scheduling conference—Johnson again asked that this matter be stayed so that he could pursue his federal habeas corpus action. In response, the district

3

court indicated that it needed "to determine whether this . . . court even has jurisdiction anymore."

On July 6, 2023, the State filed a motion requesting that the district court find that the journal entry summarily denying Johnson's K.S.A. 60-1507 motion—which was filed on July 21, 2021—be deemed a final order. In response, Johnson's counsel argued that no one informed his client that his K.S.A. 60-1507 motion had been dismissed and that no one had told him about the deadline to seek reconsideration. At a hearing held on August 18, 2023, the district court ruled that the journal entry entered more than two years earlier in which the K.S.A. 60-1507 motion was summarily denied constituted a final order. As a result, the district court found that it no longer had jurisdiction over this action. Finally, on August 22, 2023, the district court filed a journal entry finding that "this case is final, and this Court does not have jurisdiction to entertain further motions."

After Johnson filed a notice of appeal, this court issued an order to show cause as to why this action should not be dismissed for lack of appellate jurisdiction. The order noted the journal entry summarily denying the K.S.A. 60-1507 motion was filed on July 21, 2021, but the notice of appeal was not filed until August 28, 2023. In response, Johnson asked that his appeal be retained because the district court had continued to treat this matter as ongoing after the journal entry was filed on July 21, 2021. In its response, the State asked that this appeal be dismissed for lack of appellate jurisdiction. In light of these responses, the appeal was retained to allow the parties to brief the jurisdictional question.

ANALYSIS

At the outset, we must determine whether we have appellate jurisdiction over this appeal and, if so, the extent of that jurisdiction. As the parties are aware, the right to appeal is entirely statutory and is not a right protected in either the United States or

Kansas Constitutions. As a result, we only have appellate jurisdiction over cases in which the appeal is initiated in the manner prescribed by statute. *State v. Clark*, 313 Kan. 556, 561, 486 P.3d 591 (2021).

"A judgment is the final determination of the parties' rights in an action." K.S.A. 2024 Supp. 60-254(a); see *State v. Soto*, 310 Kan. 242, 253, 445 P.3d 1161 (2019) (the finality of judgments is critical to the law). Because K.S.A. 60-1507 motions are civil in nature, Kansas law requires an appellant to file a notice of appeal within 30 days of a final judgment. K.S.A. 2024 Supp. 60-2103(a). If the appellant misses that window, we are deprived of jurisdiction and must dismiss the appeal. See *State v. Perry*, 318 Kan. 374, 379, 543 P.3d 1135 (2024).

Still, this 30-day statutory deadline may be tolled if an appellant files certain postjudgment motions with the district court in a timely manner. K.S.A. 2024 Supp. 60-2103(a); K.S.A. 2024 Supp. 60-259(f). When an appellant timely files one of these postjudgment motions, the time to appeal is tolled until the district court enters an order ruling on the motion. Then, once the district court enters an order ruling on the postjudgment motion, the 30-day period to appeal begins to run from that date. K.S.A. 2024 Supp. 60-2103(a).

Here, a review of the record reveals that the final judgment summarily denying Johnson's K.S.A. 60-1507 motion became effective when the journal entry was filed on July 21, 2021. See K.S.A. 2024 Supp. 60-258; *State v. Dwyer*, 56 Kan. App. 2d 848, 852, 439 P.3d 338 (2019). Moreover, the record reflects that no postjudgment motion was filed by Johnson following the filing of the journal entry summarily denying his K.S.A. 60-1507 motion. Furthermore, it is undisputed that Johnson did not file a notice of appeal until August 28, 2023—which was more than two years after the filing of the journal entry summarily denying his K.S.A. 60-1507 motion.

Because appellate jurisdiction is entirely statutory, the parties do not have the authority to confer such jurisdiction by consent or by a failure to object. *State v. Barnes*, 320 Kan. 147, 157, 563 P.3d 1255 (2025). In fact, appellate courts have a duty to question jurisdiction on their own initiative. *In re I.A.*, 313 Kan. 803, 805-06, 491 P.3d 1241 (2021), *cert. denied* 142 S. Ct. 1233 (2022). And whether jurisdiction exists is a question of law. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022). "Even if unchallenged, every court has the duty to ensure it has subject matter jurisdiction over the type of the matter it addresses or its only recourse is to cease acting, to dismiss the matter." *Barnes*, 320 Kan. at 157.

We pause to note that Johnson asserts—for the first time on appeal—that his K.S.A. 60-1507 counsel was ineffective. Because this issue was not raised below, it was not properly preserved for appeal. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). Likewise, Johnson does not assert an exception to the general rule that a new legal theory may not be asserted for the first time on appeal as required by Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36). As our Supreme Court has emphasized, appellate courts generally do not address legal theories raised for the first time on appeal. Even if a recognized exception to this general rule may apply, we are under no obligation to review the new claim. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). Thus, we decline the invitation to address this new issue.

In summary, we conclude that we lack appellate jurisdiction to review the district court's journal entry filed on July 21, 2021, which summarily denied Johnson's K.S.A. 60-1507 motion. Unfortunately, when the statutory deadline expired for the filing of a notice of appeal and no motion to reconsider or similar postjudgment motion was filed, we were deprived of appellate jurisdiction. Consequently, we dismiss Johnson's appeal asserting that the district court erred in summarily denying his K.S.A. 60-1507 motion.

Appeal dismissed.