NOT DESIGNATED FOR PUBLICATION

No. 128,577

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN E. GOODPASTURE JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN W. FRESH, judge. Submitted without oral argument. Opinion filed November 21, 2025. Appeal dismissed.

*John E. Goodpasture Jr.*, appellant pro se.

*Sherri L. Becker*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: John E. Goodpasture Jr. appeals the district court's dismissal of his motion for relief under K.S.A. 60-2403, claiming (1) the district court lacked jurisdiction over his case because he had completed his sentence, and (2) the district court erred by failing to consider Goodpasture's financial means and ability to repay costs and fees on the record. After a careful review of the record, we dismiss the appeal.

1

In December 2000, the State charged Goodpasture with first-degree murder. Later that month, the district court appointed private counsel to represent Goodpasture through his sentencing. In June 2001, the district court approved a motion from Goodpasture's appointed counsel to declare Goodpasture's case to be an exceptional case for purposes of attorney compensation under K.A.R. 105-5-8.

In May 2021, Goodpasture pleaded to a single charge of conspiracy to commit aggravated burglary. The district court sentenced him to a suspended prison term of 16 months and 24 months of supervised probation. The district court also imposed court costs of $146 "plus Atty fees, as vouchered."

After Goodpasture completed his sentence, the clerk of the Atchison County District Court sent Goodpasture a letter in 2007 informing him that he owed costs and fees in the amount of $2,423. The postal service returned the letter to sender.

While serving a life sentence for unrelated crimes, Goodpasture filed a motion in February 2016 to withdraw his plea from 2001. The district court denied Goodpasture's motion, and another panel of this court affirmed the denial on appeal. *State v. Goodpasture*, No. 118,971, 2018 WL 6426417, at *3-4 (Kan. App. 2018) (unpublished opinion). Throughout those proceedings, Goodpasture was represented by counsel appointed by the district court. Again, the district court declared the case and its appeal to be exceptional cases under K.A.R. 105-5-8.

In August 2019, Goodpasture filed a pro se motion for release from judgment under K.S.A. 60-2403. He argued that any fees or costs owed for his 2001 case had become dormant and because the State had failed to file a renewal affidavit, the district court was required to release the judgment. The district court granted Goodpasture's

motion in part, finding the $2,423 owed in costs and fees were void because the State had failed to execute or file a renewal affidavit on the judgment. But the district court also found that the judgment entered for actions filed by Goodpasture after July 1, 2015, was not void.

Goodpasture filed a pro se motion to reconsider, arguing the district court erred by failing to also void $6,479.60 in restitution that Goodpasture had been ordered to pay prior to 2015. The district court denied the motion, finding Goodpasture had not presented any new arguments or evidence. Goodpasture did not appeal the district court's partial grant of his motion to be released from judgment nor its denial of his motion to reconsider.

Two years later, the district court appointed counsel to represent Goodpasture in a K.S.A. 60-1507 proceeding stemming from the 2001 conviction. The district court dismissed his motion, and another panel of this court dismissed his appeal because Goodpasture was no longer in custody. *Goodpasture v. State*, No. 123,821, 2022 WL 1197469, at \*1 (Kan. App. 2022) (unpublished opinion).

In August 2024, Goodpasture filed this action pro se, a motion "for Release and Refunding of Extinguished and Unenforceable Judgment." In his motion, Goodpasture asserted that "original court fees, fines and restitution was pronounced on or around June 15, 2001. This covered any and all court motions and fines and court cost and restitutions throughout this litigation history & future appeals." The district court denied Goodpasture's motion, and Goodpasture timely appealed.

ANALYSIS

*The Doctrine of Res Judicata Bars This Appeal*

Goodpasture makes a litany of arguments on appeal that all stem from his assertion that, upon completion of his sentence, he was no longer required to make any payments stemming from his 2001 conviction. He maintains that because the district court denied his motion to withdraw his plea in 2017 and his motion for relief under K.S.A. 60-1507, it did not maintain any jurisdiction to continue to enforce a judgment for costs and fees stemming from his conviction under K.S.A. 60-2403. Goodpasture further argues that once the district court voided fees and costs that had accrued before July 1, 2015, it lacked jurisdiction to maintain or modify the judgment. Last, Goodpasture claims the district court improperly imposed attorney fees through the Board of Indigent Defense Services (BIDS) without properly considering the financial burden it would impose on him in violation of *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006).

The State contends that Goodpasture's motion is successive to the previous motion for release from judgment that he made in 2019. Because Goodpasture previously litigated these claims, the State argues that the doctrine of res judicata precludes him from filing a successive K.S.A. 60-2403 action. In the alternative, the State asks us to affirm the district court's order that Goodpasture was obligated to pay any costs and fees he accrued after July 1, 2015.

*The district court did not lose jurisdiction to oversee Goodpasture's judgment for court fees and costs even though he had completed his prison sentence.*

We first consider Goodpasture's claim that the district court lacked jurisdiction over his judgment of costs and fees once it ruled the judgment void. We exercise de novo review when determining whether jurisdiction exists. *State v. Jamerson*, 54 Kan. App. 2d

312, 314, 399 P.3d 246 (2017). Goodpasture argues that because he completed his sentence for his 2001 conviction, all judgments became final in 2012. He further maintains that the denial of his K.S.A. 60-1507 motion for lack of jurisdiction precluded the district court from maintaining jurisdiction over any fees and costs Goodpasture accumulated after 2015.

From Goodpasture's argument, he has conflated jurisdiction for a K.S.A. 60-1507 motion with jurisdiction for other actions filed under Chapter 60. The Kansas Supreme Court has held that when a prisoner is no longer serving his sentence, he cannot maintain an action under K.S.A. 60-1507. *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020). The district court's reliance on this caselaw, however, to dismiss Goodpasture's K.S.A. 60-1507 motion for lack of jurisdiction did not require it to also find that it lacked jurisdiction to oversee civil judgments against Goodpasture.

K.S.A. 22-4513(a) provides that reimbursement of BIDS attorney fees for an indigent defendant must be taxed against the defendant and enforced as a judgment for payment of money in civil cases. Similarly, costs ordered to be paid as part of a criminal sentence are treated the same as any other money judgment obtained in a civil suit and are covered by civil procedure rather than criminal law. *State v. Dwyer*, 56 Kan. App. 2d 848, 851-52, 439 P.3d 338 (2019). K.S.A. 2024 Supp. 60-2403 and K.S.A. 60-2404 dictate when a judgment becomes dormant and how a dormant judgment is revived while granting both authority and responsibility to the district court to ensure that the proper statutory process is followed for enforcing a judgment.

Consequently, a district court maintains jurisdiction over a judgment concerning court costs and fees regardless of whether a criminal defendant has completed his or her sentence. Because the action here is a civil judgment, the district court had jurisdiction over Goodpasture's claim.

*Because Goodpasture previously argued that the judgment against him for fees and costs was void under K.S.A. 60-2403, he is precluded from raising this same claim again in this action.*

As noted by the State, Goodpasture's 2019 motion for release from judgment appears to raise the same K.S.A. 60-2403 challenge that he brings in this case. In both motions, Goodpasture argued that all outstanding fees and costs stemming from his 2001 conviction were dormant under K.S.A. 60-2403(a)(1) and, upon his request, the district court was required to discharge the judgment as void.

K.S.A. 2024 Supp. 60-2403(a)(1) states:

"Except as provided in subsection (b), if a renewal affidavit is not filed or if execution, including any garnishment proceeding, support enforcement proceeding or proceeding in aid of execution, is not issued, within five years from the date of the entry of any judgment in any court of record in this state, including judgments in favor of the state or any municipality in the state, or within five years from the date of any order reviving the judgment or, if five years have intervened between the date of the last renewal affidavit filed or execution proceedings undertaken on the judgment and the time of filing another renewal affidavit or undertaking execution proceedings on it, the judgment, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the real estate of the judgment debtor. When a judgment becomes and remains dormant for a period of two years, it shall be the duty of the judge to release the judgment of record when requested to do so. Undisputed payments made prior to a request for a release of judgment are voluntary and not subject to refund or recoupment."

Under K.S.A. 2024 Supp. 60-2403(b): "[N]o judgment for court costs, fees, fines or restitution shall be or become dormant for any purpose" except for judgments which became void as of July 1, 2015.

In 2019, the district court found that, under K.S.A. 60-2403(a)(1), the $2,423 owed by Goodpasture from his plea and sentencing was void because the State had failed to execute on the judgment or, in the alternative, file a renewal affidavit on the judgment. Yet the district court upheld the costs and fees accrued by Goodpasture after July 1, 2015, including those from his attempt to withdraw his plea, under K.S.A. 60-2403(b). Although Goodpasture filed a motion to reconsider, he did not appeal the district court's order. Instead, he initiated the proceedings at issue in this appeal where he again argued that he was not subject to a judgment for any costs and fees stemming from his 2001 conviction under K.S.A. 60-2403.

When considering Goodpasture's current K.S.A. 60-2403 motion, the district court did not indicate that Goodpasture was precluded from the claim. Instead, it noted the procedural history of the case, including that it had previously released any fees Goodpasture had accumulated before July 1, 2015. The district court then quoted the language of K.S.A. 60-2403(b) to find that "any Judgment for attorneys fees, costs of transcripts or other charges entered in this case did not and cannot become dormant by operation of law and therefore remain collectable at the present time."

"[R]es judicata prevents a litigant from raising claims that the courts have resolved." *State v. Moncla*, 317 Kan. 413, 415, 531 P.3d 528 (2023). This doctrine "consists of four elements: '(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.'" *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012). Whether res judicata bars a claim is a question of law over which we exercise unlimited review. *State v. Kingsley*, 299 Kan. 896, 899, 326 P.3d 1083 (2014). To the extent an appellate claim raises a question of statutory interpretation, we will also consider such claim de novo. *Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 640, 270 P.3d 1074 (2011).

Here, the doctrine of res judicata prevents consideration of Goodpasture's claim. Goodpasture's 2019 motion for release from judgment raises the same claims at issue in this appeal: what fees and costs Goodpasture was obligated to pay stemming from his 2001 conviction. Goodpasture's recourse for disputing the district court's denial of his 2019 motion was to pursue an appeal on that claim, not to file a virtually identical motion in 2024. See *Moncla*, 317 Kan. at 416.

Alternatively, if Goodpasture believed that the State was not properly complying with the district court's 2019 order, a mandamus action was the appropriate remedy. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 907, 179 P.3d 366 (2008) ("[M]andamus provides the remedy of 'compelling a public officer to perform a clearly defined duty, one imposed by law and not involving the exercise of discretion.'"). Therefore, we dismiss Goodpasture's claim.

*We Will Not Consider Goodpasture's* Robinson *Argument Because He Failed to Raise It Before the District Court*

Goodpasture's final argument is that the district court's assessment of BIDS fees violated the Kansas Supreme Court's holding in *Robinson*. A challenge to BIDS fees is a question of law subject to unlimited review. See 281 Kan. at 539.

In *Robinson*, the Kansas Supreme Court held that the language of K.S.A. 22-4513 requires a sentencing judge to consider the financial resources of a defendant and the potential burden that an attorney fee payment would impose on that defendant when determining BIDS fees. 281 Kan. at 543. Goodpasture maintains that the district court's failure to consider his financial situation on the record nullified any order to pay costs and fees.

Goodpasture's argument is without merit for two reasons. First, a defendant is generally required "to raise all available issues on direct appeal." *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). Because "[t]he district court's failure to properly assess a [BIDS] fee does not constitute an illegal sentence which can be corrected at any time," Goodpasture had 14 days to appeal the assessment of fees. See *State v. Inkelaar*, 38 Kan. App. 2d 312, Syl. ¶ 4, 164 P.3d 844 (2007); K.S.A. 22-3608(c). He did not. As a result, this issue is not properly before us.

Second, Goodpasture did not file a direct appeal and his case was final more than four years before *Robinson* was issued. "The general rule . . . is that a change in the law acts prospectively, applying only 'to all cases, state or federal, pending on direct review or not yet final.'" *State v. Mitchell*, 297 Kan. 118, 124-25, 298 P.3d 349 (2013). Because Goodpasture's case was final before the *Robinson* decision, *Robinson* does not apply.

Goodpasture's BIDS fee issue is not properly before us. Even if it were, his sentence was final years before the Kansas Supreme Court issued *Robinson*. Goodpasture is not entitled to relief.

Appeal dismissed.